STODDARD v. CUTCOMPT ET AL.

1. **Estoppel**: DOWER: WILL.   Where the wife executed a written contract agreeing to accept a sum certain in lieu of dower, and the husband provided in his will for the payment of this sum, which after his death the wife claimed and received from the administrator, giving him a receipt therefor, it was *held* that her conduct amounted to an election to take under the will and that she was estopped to claim her dower in the estate.

*Appeal from Louisa Circuit Court.*

THURSDAY, OCTOBER 7.

THIS is an action in equity, instituted by Mrs. Jane A. Stoddard against the heirs of her late husband, to set aside a certain written instrument executed by her, relinquishing

all right and interest in her husband's estate, both real and personal. Decree for plaintiff as prayed. Defendant appeals.

*Cloud & Broomhall* and *Sprague & Riley*, for appellant.

The plaintiff is not a competent witness with reference to transactions between herself and husband, transpiring before his death. (*Hosmer v. Burke*, 26 Iowa, 357.) A married woman in this State can convey real estate, receive gifts from her husband, and deal with her property as a *feme sole*. Conveyances by her to her husband, if free from fraud, will be sustained. (*Robertson v. Robertson*, 25 Iowa, 350; *Richmond v. Tibbles*, 26 Id., 474; *McCrary v. Foster*, 1 Id., 271; *Blake v. Blake*, 7 Id., 53; *Wright v. Wright*, 16 Id., 496.) The plaintiff having given her receipt in full for all claims against the estate, is estopped to ask further relief. (*Lucas v. Hart*, 5 Iowa, 419; 2 Smith's Leading Cases, p. 742; *Shattuck v. Greig*, 23 Pick., 88; *Dewey v. Field*, 4 Met., 384.) A party by actively affirming a contract or purchase, as by suit, is estopped thereafter to deny its force and effect. (Bigelow on Estoppel, 584; *Deford v. Mercer*, 24 Iowa, 118.)

*Hurley & Hale, J. & S. K. Tracy* and *Hall & Baldwin*, for appellee.

A chancery cause will not be re-tried in the Supreme Court unless the same cause appears in the record as was presented in the court below. (*Chambers v. Ingham*, 25 Iowa, 225; *Winston v. Turner*, 20 Id., 294.) General enabling statutes do not change the rights of the parties as to gifts and grants between themselves. (2 Scribner on Dower, 290; *Carson v. Murray*, 3 Paige, 483; *Rowe v. Hamilton*, 3 Greenl., 63; *Martin v. Martin*, 22 Ala., 86; *Townsend v. Townsend*, 2 Sandf. S. C., 711; *White v. Wagner*, 25 N. Y., 328; *Winans v. Pebles*, 32 Id., 423; *Bear v. Bear*, 33 Pa. St., 525; *Dillinger's Appeal*, 35 Pa. St., 357; *McKee v. Reynolds*, 26 Iowa, 584.) A contract in consideration of marriage is within the statute of frauds. (*Finch v. Finch*, 10 Ohio, St., 504.) Parol evidence is not admissible to establish an agreement to sepa-

rate, the latter being a written agreement. (2 Pars. on Con. 68; *Gelpcke, Winslow & Co. v. Blake*, 19 Iowa, 252.) All portions of a negotiation in writing are presumed to be merged in the written contract and all else to have been abandoned. (*Pilmer v. State Bank*, 16 Iowa, 321; *Gelpcke, Winslow & Co. v. Blake*, 15 Iowa, 387; *Jack v. Naber*, Id., 450.) Where husband and wife agree to separate upon provision being made for the latter, such provision must be just and fair and free from all improper influence. (4 Kent, 56; *McCartee v. Teller*, 2 Paige, 511; *Kline v. Kline*, 16 Am. L. Reg., 714; *Tarbell v. Tarbell*, 10 Allen, 278; *Sullings v. Sullings*, 9 Id., 234; *Miller v. Miller*, 16 Ohio, St., 532.) Where the widow has made an election respecting the property of her deceased husband under a misapprehension, equity will permit her to make a second one. (*Crain v. Crawford*, 36 Barb., 410.)

DAY, J.—On the 11th day of October, 1866, the plaintiff executed an instrument of which the following is a copy: "I, Jane A. Stoddard, wife of Benjamin Stoddard, of the County of Louisa, and State of Iowa, for and in consideration of the sum of two thousand dollars, to me in hand paid by my husband, Benjamin Stoddard, the receipt whereof is hereby acknowledged, do hereby assign and set over all my right, title, interest, claim or demand, dower, or expectancy of dower that is now due, or may hereafter become due by the death of my husband, Benjamin Stoddard, or otherwise, in and to the following real estate, situated in the County of Louisa and State of Iowa, to-wit: &ast; &ast; &ast; &ast; &ast; &ast; &ast; containing in all seven hundred and fifteen acres, more or less. And I further release all of my interest in his personal property, money, credits and effects, that is now due or may hereafter become due; the object of this release in the foregoing described premises, his personal property, his money, credits and effects, is to enable my husband, Benjamin Stoddard, to dispose of his real, personal and mixed property, as he may deem advisable, without hinderance or molestation by myself, or any other person or persons claiming by, or through

me in any manner whatever, either for the present or time to come."

On the same day Benjamin Stoddard executed his will, containing amongst other things, a bequest as follows: " First, to my beloved wife, Jane A. Stoddard, I will and bequeath the sum of two thousand dollars, which is in full consideration of her legacy by special contract with her for all of her interest in my entire estate, of real and personal property, which sum of money, if not paid before my death to her, I direct my executor to pay the same to her, or the balance of the amount that may remain unpaid at my death, out of the first money collected." The will further contains a bequest of two thousand dollars to each of three children by his first wife, and directs that all of his real estate remain unsold, and that the rents and income thereof be applied to the education and support of his children, five in number, by his second wife, Elizabeth, until the youngest shall attain the age of twenty-one years, and that then the real estate be sold, and two thousand dollars paid to each of the children by his second wife, and if anything remain of the real and personal estate, it be divided amongst all his children equally.

The testator died about the 16th day of December, 1866. On the 9th day of March, 1869, the plaintiff commenced her action to set aside the agreement. In her petition she alleges that she was over persuaded and fraudulently induced to execute said agreement, by the false and fraudulent representations of Thomas Stoddard, the brother of deceased, and who assumed to act as his friend, adviser and agent; that she was ignorant of the true value of the estate of her husband and was induced to believe it to be much less valuable than it was in fact; that she signed the release under the promise and belief that the two thousand dollars were to reimburse her for the property she took to her husband; that, beside said two thousand dollars, it was understood by her that a homestead would be provided for her out of her husband's estate worth $4,000, and that she was not relinquishing her rights of dower.

We fail to discover in the case any evidence of actual fraud. Both the will and the contract were carefully read over to her

Stoddard v. Cutcompt.

before she executed the agreement. There is no proof that she was ignorant of the value of her husband's estate, and we are satisfied from the evidence that, if the purchase of a homestead was spoken of, it was to be made out of the $2,000 agreed to be paid her. We do not see how, in view of the distinct provisions of the contract and the will, she could have supposed that the $2,000 was intended simply to reimburse her for money taken to her husband, and that she would, notwithstanding the will and agreement, be entitled to dower.

It is claimed, however, that the consideration is so grossly inadequate that a court of equity should, upon that ground, 1. ESTOPPEL; in view of the relation existing between the par- dower; will. ties, set the agreement aside. At the time of the execution of the will the testator was fifty-one years of age, and was afflicted with consumption. The value of his real estate was about $15,000. Plaintiff received from her husband before his death $1,675 in notes, and $175 in money upon this agreement. She admits that three or four weeks after she executed this agreement, which was more than a month before her husband's death, she learned that the paper she had executed was a release of her interest in her husband's real estate. Yet she not only retained the consideration paid, but, after the death of her husband, she filed a claim against the estate, growing out of its contingent liability upon one of the notes which she had taken in payment, and, on the 17th day of July, 1868, she receipted to the administrator for the sum of $353.-77, as the balance in full of the legacy of two thousand dollars left her by the will of Benjamin Stoddard, deceased. The will provides that the bequest to plaintiff is in full consideration of her interest in the testator's estate, and it makes a specific disposition of all the remainder of the estate, both real and personal. Its provisions are inconsistent with her right of dower, and she is of necessity put to her election to take under the will, or to reject it and accept her dower.

When she undertook to enforce the bequest by filing a claim against the estate, growing out of a contingent liability upon one of the notes delivered to her by her husband in part payment of the legacy, and afterward accepted from the

administrator in payment of the legacy in full, she made her election to accept the provisions of the will. And, as she did this voluntarily, with a knowledge of all the facts, and, so far as the evidence discloses, without any fraud or overreaching on the part of any one, she could not now, even if the agreement above mentioned had not been entered into, retain the payments received, and claim dower as though no will had been made. This action was not brought until two years and three months after the death of her husband, and eight months after she had received and acknowledged payment in full of the bequest to her contained in the will. We think she is now estopped from ignoring the will, and claiming dower as though there had been no will.

REVERSED.