ASHLOCK v. ASHLOCK ET AL.

1. **Will**: DOWER: JURISDICTION. The plaintiff filed a petition asking certain orders of the court for carrying into effect the provisions of the will of her deceased husband in her favor. Pending the application, she filed a notice of her election to take her distributive share of his estate under the statute. Upon the hearing the court set apart to her certain property under the provisions of the will. In an action to vacate such decree, it was held that the court had jurisdiction to determine whether plaintiff had consented to take under the will, and that such determination was binding unless appealed from.

2. ——: ——: ELECTION. The plaintiff, by filing her petition asking that the provisions of the will be enforced, elected to take thereunder, and could not afterward revoke such election and claim under the statute.

*Appeal from Linn Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION in chancery to annul and set aside a decree of the court settling the rights of plaintiff as widow and devisee of her deceased husband. Upon the final hearing the petition of plaintiff was dismissed, and she appeals to this court. The facts of the case appear in the opinion.

*J. B. Young*, for appellant.

*I. M. Preston & Son* and *W. G. Thompson*, for appellees.

BECK, CH. J. The petition shows that plaintiff is the executrix of the estate of her deceased husband, and that by the will there was bequeathed to her a proper allowance for maintenance during her life. It is further shown that plaintiff filed in the Circuit Court a petition asking that a proper order be made to carry out the provision of the will providing for her maintenance. Pending the application she filed a written notice of her intention to claim her rights of dower and other rights secured by the statute, and renouncing all claim under the will, so far as it might conflict with her statutory rights in the estate. Upon this application being heard

the court allowed her a sum for her maintenance, and it was ordered that it should be in lieu of her right of dower. She alleges in the petition that she had no knowledge of the action of the court until after the adjournment of the term and that she in no manner renounced her statutory rights of dower in the estate, and never consented to the decree cutting off her dower rights. The petition charges that the decree was rendered without jurisdiction and is, therefore, void, and asks that it may be set aside and vacated.

The evidence shows that the will of plaintiff's deceased husband provides that the rents accruing from the farms owned by him should be set apart to plaintiff, and that a "proper allowance" should be made for her maintenance during her life. The will makes further specific bequests and devises to the children of the deceased.

The plaintiff filed a petition asking that proper order to carry out the bequest be made. Afterward, and before final

1. WILL: dower: jurisdiction. action upon the application, she filed a paper declaring that she renounced all claim under the will so far as it conflicts with her right of dower, and insisting that her interest in the estate should not be affected by the will, and declaring that she relinquished all rights thereunder incompatible with her dower claim under the statute. The record shows that upon the final hearing a sum was set apart to plaintiff under the will to be invested, and the income thereof to be paid to her; it was also provided that she was to have the possession of certain lands and is to receive the rents thereof. The order provides that the allowance to plaintiff is to be in lieu of her rights of dower under the statute.

Plaintiff insists that this decree is without jurisdiction and is, therefore, void, for the reason that after plaintiff had filed her renunciation of claim under the will the court was not authorized to cut off the dower estate, and that as her application related to her right under the will, the court could not act in the proceeding upon her statutory right of dower. These positions taken by plaintiff's counsel present the questions arising in the case, which exclusively relate to the jurisdiction of the court making the order.

The questions were before the court in the proceeding brought in question, whether the will made provision for plaintiff in lieu of dower, and whether she consented thereto. If she did not consent, her share could not be affected by the will. Code, § 2452. That the court had jurisdiction to determine these questions there cannot be a doubt. The petition put them in issue. It asks that the widow be allowed the bequests made in the will, and a proper order be made to carry them out. If they were made in lieu of dower, the court was required to determine whether the widow had consented to accept under the will. If not, the bequests would not be sustained, for the plaintiff could not take dower and also the bequests intended to be in lieu therof. Whether the bequests were intended in lieu of dower was a question before the court, and must be determined in order to reach a conclusion whether the bequest should be sustained. The court, we conclude, had jurisdiction to decide these questions. It is not charged that the decision thereon was had through fraud. It must stand, unless reversed in a proper proceeding. If the decision was erroneous, plaintiff had her remedy by appeal. She did not pursue it and cannot now question it in this action.

But plaintiff insists that, as she had filed a paper declaring she would not take under the will, the court was thereupon robbed of jurisdiction, and could not proceed to enter any order cutting off her right of dower. But, as we have seen, the question of plaintiff's consent was before the court for adjudication. Notwithstanding her disclaimer under the will, she may have consented, upon the hearing, to take the bequest instead of dower. She was represented by attorneys and they may, under her authority, have declared her consent, or it may in some other way have been shown. At all events, the question of her assent was for determination, and an erroneous decision thereof cannot be reviewed in this action.

The court may have regarded the filing of the petition as a consent of plaintiff to take under the will, and have determined that this consent could not be withdrawn by the filing of the disclaimer to take under the will. Such a decision

would not have been without jurisdiction. It could, at most, be regarded as erroneous only, which would not affect its validity.

We reach the conclusion that the objections urged by plaintiff's counsel, which assail the jurisdiction of the court, are not well taken. No other questions are presented in this case.

AFFIRMED.

### SUPPLEMENTAL OPINION.

ADAMS, J. The petition for a rehearing filed in this case, we think, should be overruled.

The determination complained of was made upon a petition which referred to the will and contained a prayer that the 2. ——: ——: "court make such orders as may be necessary to
election. secure to the petitioner a comfortable maintenance, as intended and provided for by said will." Upon this prayer the court made an order giving her certain rents for life, $500 in money, and some other property, the intention, evidently, being to carry the will into effect so far as its provisions are concerned which were made in favor of the plaintiff. So far, we do not understand that any complaint is made of the order. But the court added that "these allowances are in full of every right petitioner has to the property of her husband, at or since his death, to date, and to be received in lieu of all rights of dower at law." This restriction, as the plaintiff terms it, constitutes the ground of complaint.

The plaintiff seems to have conceived the idea that she was entitled to her distributive share as given by statute, and also to a maintenance for life as given by the will; or, if such is not the law, that the court should simply have refused to carry into effect any provision of the will, and left her right to her distributive share under the statute unimpaired.

It is abundantly evident that the plaintiff could not take under the provision of the will and the statute both.

She was entitled in the outset to her distributive share, and only that, but it was her right to elect to take under the will. Code, section 2452. She did so elect, we think, when she filed

her petiton asking the court to carry the will into effect in her behalf. The moment she made such election, it appears to us that her relation to the estate, as well as that of the other devisees, became fixed. If not, then the law is that the widow may make her election to take under the will within the six months allowed, and afterward adhere to or revoke her election, as may seem to be for her interest in the developments that shall be made in the further administration of the estate. But no warrant for such rule can be found.

The paper, therefore, filed by plaintiff subsequent to her petition, expressing her intention to claim her distributive share, was without effect. Her right to such share had already become extinguished. It was not important, perhaps, that the order of the court should expressly so declare, yet we see no objection to it. The plaintiff's rights would not have been different if no such declaration had been made.