BALDOZIER V. HAYNES ET AL.

1. **Wills:** ACCEPTANCE OF BY WIDOW: ENTERED OF RECORD: EVIDENCE OF. The acceptance by a widow of the provisions of a will, in lieu of dower, in order to be binding upon her, under section 2452 of the Code, must be made within six months from the time she received notice of its provisions; and such acceptance must be entered in the proper records of the Circuit Court and be evidenced by such record, and no other evidence thereof is sufficient or competent. A written notice of acceptance, not entered of record, is not sufficient.

2. ——: ——: ESTOPPEL: DISTRIBUTIVE SHARE. Where the widow filed a written notice of her acceptance of the provisions of the will, but her consent was not entered of record, she would not be estopped thereby from claiming her distributive share in her husband's estate.

*Appeal from Henry Circuit Court.*

THURSDAY, MARCH 23.

ABRAM HAYNES departed this life in June, 1877. His last will and testament was admitted to probate in August thereafter. The plaintiff is his widow and brought this action to have set apart to her one-third of the real estate, of which the said Abram died seized, as her distributive share. There was a demurrer to the several answers of the defendants which was sustained, and the defendants appeal.

*H. & W. Scofield*, for appellants.

*Woolson & Bubb*, for appellee.

Baldozier v. Haynes.

SEEVERS, CH. J.—It was alleged, in the answers among other things, that the will of Abram Haynes contained the following provisions: " I devise and bequeath to my beloved wife Elizabeth Haynes, for and during her natural life, or so long as she remains my widow, all my estate, both real and personal.   *   *   *   After the decease of my said wife, should she survive me, or in the event of her marriage, I direct that all my property, both real and personal, be sold at public or private sale, as my executors shall find most advantageous to the estate." It was further alleged in the answers that the plaintiff was one of the executors named in the will and had full knowledge of its contents. That she took possession of the personal estate under the will and thereafter married her present husband. That before her said marriage, but in contemplation thereof, she executed the following writing: " In the matter of the estate of Abram Haynes deceased, in Circuit Court of the State of Iowa, in and for the county of Henry. Notice is hereby given that I accept the provisions of the last will and testament of Abram Haynes, deceased." After the plaintiff's marriage the defendants, in reliance on the said writing, expended money in improving the real estate and advertising the same for sale under the provisions of the will. It is further alleged that the real estate had been sold, and the deeds were, at the time the answers were filed, before the court for confirmation. The question to be determined is whether, under the facts above stated, the plaintiff is entitled to the relief demanded.

It will be conceded the relief asked is inconsistent with and will render nugatory an express provision of the will, and that the plaintiff has in writing consented to and accepted the provision made for her in the will. But the question remains, whether, under the statute, the writing can be regarded as sufficient or competent evidence of such fact. The provision of the statute is as follows: " The widow's share cannot be affected by any will of the deceased, unless she consents thereto within

Baldozier v. Haynes.

six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the Circuit Court." Code, § 2452. If the entry of record is essential and constitutes the only competent evidence a widow consents to the will and accepts the same in lieu of her distributive share, such entry must be made within six months from the time she receives notice of its provisions. The entry within the time aforesaid is just as essential as the record itself. The theory of the statute being that, as the entry affects the title to real estate, it should appear of record in the Probate Court to the end that all parties can readily know and understand the situation and title, and thus be able to purchase the same without doubt as to what they would obtain. If the entry of record has been made as contemplated by the statute, the widow and heirs, creditors and others, know their respective rights; and if it has not been made, there cannot be any uncertainty as to their rights.

When the foregoing statute was reported by the Code commissioners it contained a provision that the widow's share should not be affected by her husband's will "if within six months after his death she files in the clerk's office a renunciation of all rights conferred on her." This contemplated there should be a writing filed; it was not essential, however, that it should be otherwise made of record. The change made by the General Assembly under the circumstances appears significant as to the purpose and intent. The statute, as it now stands, does not make it essential there should be a writing signed by the widow. The essential thing is that such consent shall be evidenced by the record. Such consent may, without doubt, be orally expressed in open court and entered of record, the statutory thought being that where the widow so appears, and her consent is entered of record, she cannot afterward be permitted to contradict or impeach the record, and thus all doubt as to her rights and the rights of others will be at an end.

We must not be understood as intimating that the consent of the widow can only be expressed by her personally appearing in court. No such question is before us, and all we do hold is that an entry of such consent must appear on the records of the court, and that no other evidence is competent or sufficient. The circumstances above stated, together with the plain and express language of the statute, so clearly show the legislative intent that the statute cannot be regarded as merely directory.

Nor can it be said the plaintiff is estopped by the writing executed by her and the action of the defendants in reliance thereon. The latter have no right to rely on the writing. They were bound to know the law and that, under the statute, it was insufficient and not competent evidence the plaintiff accepted the provisions of the will.

2. ——: ——: estoppel : distributive share.

The guardian *ad litem* of the minor defendants pleaded, in connection with the defenses held insufficient, a general denial of the allegations of the petition. It is claimed the demurrer was to, and was sustained to, the whole answer. We do not so understand the record.

The demurrer was sustained only as to the special defenses, and under the issue remaining the plaintiff introduced evidence and proved her case.

                                                        AFFIRMED.