CRAIG *et al.* v. CONOVER *et al.*

Wills: BEQUESTS IN LIEU OF DOWER: WIDOW'S ELECTION: FORM OF. It is provided by section 2452 of the Code that "the widow's share cannot be affected by any will of her husband unless she consents thereto * * *, which consent shall be entered on the proper records of the circuit (now district) court." *Held* that it is not essential that there should be a writing signed by the widow, and made of record, in order to manifest her election (following cases cited in opinion). And in this case, where the decedent devised to his widow a life-estate in all his real estate in lieu of dower, and named her as his executrix, and she qualified as such, and in one of her reports she stated that by the will she was to have the use of the real estate for life, and in her final report the same statement was in substance repeated, and she consented to the closing of the estate, and her reports were approved upon her petition, *held* that this was a sufficient election to take under the will.

*Appeal from Scott District Court.* — HON. C. M. WATERMAN, Judge.

FILED, MAY 29, 1890.

THIS is an action for the partition of certain real estate.    It is alleged in the petition that the defendants S. H. Brazell and the Clinton National Bank claim to hold liens upon the property, but that the same are subject to the claims of the plaintiffs.    The said Brazell and the said bank filed an answer, in which they claimed that they were the owners of judgments against

the defendant Margaret J. Swim, and that she is the owner of a life-estate in all of said property, and that said judgments are a lien upon said life-estate. There was a demurrer to the answer, which was overruled, and the plaintiffs appeal.

*Davison & Lane*, for appellants.

*Pascal & Armentrout* and *George B. Young*, for appellees.

ROTHROCK, C. J.—It appears from the averments of the petition and answer that Isaac Swim died on or about December 1, 1887, seized in fee of the said land. He died testate, and the provisions of his will are set out in the answer. The defendant Margaret J. Swim is his widow, and the plaintiffs and the other defendants, excepting said bank and said Brazell, are his heirs and devisees. The said will contains the following provisions, to-wit: "*Second.* All of my personal property, of every kind and description, of which I shall die seized, I hereby give and bequeath unto my beloved wife, Margaret Jane Swim, to have and to hold in her own right forever. *Third.* And I hereby give and bequeath unto my said wife the use and occupation, during her natural life, of all the real estate of which I may die seized, or in which I may have an interest, legal or equitable, to have and to hold to her own use forever. The bequests contained in the two last paragraphs are to be by my said wife accepted in lieu of any dower right she might otherwise have in my said real estate."

Margaret J. Swim continued to reside on the land, and it still is her home. She, with her son Charles Swim, were executors of the will, and settled the estate. On the twenty-eighth day of September, 1885, said executors prepared a report of their acts as such, and filed the same in court. The following language occurs at the close of said report: "In view of the fact that the will bequeaths to her all of the personal estate

absolutely, and the use of the real estate for life, it is believed by the undersigned that it is better for the estate to permit her to convert the personal property into money, and pay the mortgage debt, and for this purpose they ask an extension of time for making a final report." In the final report of said executors, which was filed on December 27, 1886, and which was signed by said executors, the following language is used :

"That, under the will of said Isaac Swim, his widow, Margaret Jane Swim, is given absolutely, and to her sole use, all the personal property of said deceased, and they file herewith her receipt for the same, and consent to the closing of said estate; that the real estate is by said will given to the sole use and benefit of said Margaret Jane Swim for her life. The undersigned, therefore, ask that they be discharged from further duty and liability.

"MARGARET J. SWIM,
"CHARLES L. SWIM."

On the same day said Margaret Swim filed a receipt, of which the following is a copy :

"Received of the executors of the will of Isaac Swim, deceased, all the personal property bequeathed to me by said will, and I hereby consent to the closing of said estate.

"MARGARET J. SWIM."

"December 27, 1886."

These reports were approved by the court, and the executors were discharged. From the time of probating the will until the commencement of this action the said Margaret J. Swim has been in the possession of all of said real estate, which consists of about two hundred acres, and has at all times claimed to be the owner of a life-estate therein. She has rented the same, and collected the rents, and used them for her own benefit, and made valuable improvements on the same, to increase the rental value, and held out to the judgment defendants that she was the owner of a life-estate, and upon

the strength of said representations she received credit from said defendants. The question presented by the demurrer was whether the acts of the said widow import consent on her part to take the life-estate in the land, in lieu of her distributive share or right of homestead. The ruling on the demurrer was to the effect that the widow had made such election. If this be correct, then the judgments of the defendants Brazell and the bank are liens upon her life-estate in the land. It is provided by section 2452 of the Code that "the widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit court."

Do the records of the circuit court show that the widow elected to take under the will? It is not essential that there should be a writing signed by the widow, and made of record, in order to manifest her election. It may be shown in some other way. *Baldozier v. Haynes*, 57 Iowa, 683. In *Stoddard v. Cutcompt*, 41 Iowa, 329, it was held that when the widow claimed and received a certain sum bequeathed to her in lieu of dower, and receipted to the administrator therefor, her conduct amounted to an election to take under the will. In *Ashlock v. Ashlock*, 52 Iowa, 319, where the widow filed a petition for maintenance during her life in accord with the provisions of the will, it was held that the filing of the petition was an election to take under the will, and that she could not afterwards claim a distributive share of the estate. The rule of the cited cases is that no particular form of words is necessary to denote an intention to take under the will, but, if the record discloses an act or declaration of the widow plainly indicating a purpose to take under the will, she will be held to have so elected. We think that under that rule the demurrer was rightly overruled. It plainly appears by the first report that

by the will the widow was to have "the use of the real estate for life," and in the final report it is recited "that the real estate is by said will given to the sole use and benefit of said Margaret J. Swim for her life," and by her receipt she consented to the closing of the estate. These reports were approved by the court. By that approval it was found by the court that the widow was entitled to a life-estate. The order of the court overruling the demurrer is                                                  AFFIRMED.