HENRY PELLIZZARRO, Appellant, 'v. ELIZABETH REPPERT *et al.*, Appellees.

1. **Wills:** ELECTION BY WIDOW: EVIDENCE OF. Where a widow conveyed to her daughter, in consideration of love and affection and of an agreement for future support, all of the property, both real and personal, devised and bequeathed to her by the will of her husband, save certain promissory notes specially excepted therefrom, and the executor, in accordance with said deed, turned over to said grantee all of the personal property not sold, *held*, that said conveyance was sufficient evidence of the consent of the widow to take under the will.

2. ————: CONSTRUCTION: INTENTION OF TESTATOR:. LIFE-ESTATE WITH POWER OF DISPOSITION. The devise to the wife was of "all my property, real, personal and mixed, absolutely, for her use and benefit during her life, to be used and disposed of in such manner as she sees fit; and, at her death if there remains any of said property," the same to go to the children. Afterwards the husband executed a codicil reciting therein that, having in his last will given and bequeathed all his real estate unto his wife, he thereby modified said bequest by giving her a life-estate only in certain lots described, and the remainder after her death to certain of his grandchildren. *Held*, that the widow took an estate in fee in all of the real estate except the lots described in the codicil, and in the latter an estate for life.

3. **Conveyance of Real Estate:** CONSIDERATION: AGREEMENT FOR. FUTURE SUPPORT. At the time of the above conveyance by the widow she was sixty-five years of age, and the same was made in consideration of an agreement for support and maintenance during her life, including board, clothing and all other things necessary for her comfort and happiness, which was secured by bond. It was then uncertain how long the widow would live, and the daughter was the only one of her children residing near her. *Held*, that the consideration was sufficient.

VOL. 83—32

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

SATURDAY, OCTOBER 17, 1891.

ACTION for the partition of Pellizzarro's subdivision of part of section 29, township 70 north, of range 2 west, Des Moines county, Iowa, consisting of thirty-one lots, numbered from one to thirty-one. There was a decree dismissing the plaintiff's petition, and quieting the title in the defendants. The plaintiff appeals. The issues and facts appear in the opinion. *Affirmed.*

*Le Monte Cowles* and *S. L. Glasgow*, for appellant.

*Power & Huston*, for appellees.

GIVEN, J.—I. On November 2, 1870, Peter Pellizzarro executed his last will, providing as follows:

"Subject to the payment of all my just debts and funeral expenses, I will and bequeath unto my beloved wife, Martha Elizabeth, all my property, real, personal and mixed, absolutely, for her use and benefit during her life, to be used and disposed of in such manner as she sees fit; and at her death, if there remains any of said property, I will and direct that the same shall go, share and share alike, to my children then living, or to the children of any one of my children who may have previously died; that is to say, the children of any of my children shall take and have only the share which would have been their parent's, if living. But, in this bequest to my children and their heirs I do not include my son Jacob and his heirs, who reside in Italy; he, the said Jacob, having already received his share of my estate, except five dollars, which I hereby bequeath to him in full of all claims upon my estate. My children now living are Elizabeth Reppert, Mary Bersch, Henry and Jacob."

On November 8, 1873, he executed a codicil as follows: "Having in my last will, of date November 2, 1870, given and bequeathed unto my wife, Martha Elizabeth Pellizzarro, all my real estate, I hereby modify said bequest as follows: In regard to lots numbers 18, 16, 20, 21, 35 and 23, in Pellizzarro's subdivision of a part of section 29, township 70 north, of range 2 west, my said wife is to have said lots named during the time of her natural life, and after her death I give and bequeath said lot number 18 to my grandson Wm. F. Reppert; said lot number 20 to my granddaughter Adrienne Reppert; lot number 21 to my granddaughter Liana Reppert; lot number 25 to my grandson Edward Reppert; lot number 23 to my grandson Phillip Reppert,—to have and to hold, to each of them respectively their heirs and assigns, forever after the death of my said wife."

Peter Pellizzarro died May 16, 1874, seized of all of said real estate, and leaving Martha Elizabeth, his widow, and four children surviving him. The will and codicil were duly proven September 8, 1874, and administration granted upon them. The widow continued to reside upon the property, and on September 22, 1874, in consideration of future support, secured by bond, and of love and affection, conveyed all of the lots except those described in the codicil, and all the personal property that came to her, except two promissory notes, to her daughter Elizabeth Reppert. Mrs. Pellizzarro continued to reside with, and was supported by, Mrs. Reppert and her husband, on the property until her death, February 19, 1878.

II. The appellant's first contention is that, as Martha E. Pellizzarro did not enter consent of record

1. WILLS: election by widow: evidence of.  to take under the will, she must be held as taking one-third in fee, as provided by law. Code, sec. 2452. "The widow's share cannot be affected by any will of her husband, unless she consents

thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit [district] court." Consent to take under the will may be shown otherwise than by the record. *Stoddard v. Cutcompt*, 41 Iowa, 329; *Ashlock v. Ashlock*, 52 Iowa, 319; *Craig v. Conover*, 80 Iowa, 355. In the latter case it is said: "If the record discloses an act or declaration of the widow plainly indicating a purpose to take under the will, she will be held to have so elected." The report of the executor showed that he had turned over all the personal property not sold to Mrs. Reppert, she having purchased it of the widow, to whom it was bequeathed, and refers to the deed of September 22, 1874, as recorded. By deed to Mrs. Reppert, the widow evidenced her consent to take under the will and by the record of the report that act is shown on the record. We think the consent sufficiently appears.

III. The devise to Mrs. Pellizzarro is of "all my property, real, personal and mixed, absolutely, for her use and benefit during her life, to be used and disposed of in such manner as she sees fit; and at her death, if there remains any of said property," to the children.

2. ——: construction: intention of testator: life-estate with power of disposition.

The appellant contends that under this provision Mrs. Pellizzarro took but a life-estate in the real property. It is the rule that a devise of property in general terms, with power of disposal, creates an estate in fee, and any limitation over is void for repugnancy. *Halliday v. Stickler*, 78 Iowa, 388, and cases cited. By this devise an estate in fee is created, then, clearly, the provision as to the children is void for repugnancy. If we omit the words "during her life," the devise is unquestionably in general terms, and with power of disposal. It is to Mrs. Pellizzarro absolutely, to be used or disposed of in such manner as she sees fit. The contention

is as to the effect to be given to the words, "during her life," in arriving at the intention of the testator.   Cases are cited showing the construction given to wills involving the nature of the estate devised.   Such cases are numerous, but, as said in *Benkert v. Jacoby*, 36 Iowa, 273, "Cases on wills may guide us to general rules of construction, but unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills."   None of the cases cited are directly in point, nor do they agree in every circumstance with this.   In construing wills, we are to discover the intention of the testator, and to do so must look to the entire instrument.   *Hopkins v. Grimes*, 14 Iowa, 73.   This testator has left no room for doubt as to the estate he intended his widow should have.   Any doubts that might have arisen upon the devise, as first made in the will, are set at rest by the codicil.   The testator must have believed that his will expressed his intention; otherwise he would have revoked it.   By the codicil he shows his own interpretation of it.   Having devised, as he had, in the will, he afterwards concluded to make a different disposition of certain of the lots.   He decided to give his wife but a life-estate therein, with remainder to his grandchildren. If he understood and intended by the first devise to give his wife only a life-estate, then it was only necessary to provide as to the remainder in these lots.   In the codicil he recites that he had given and bequeathed unto his wife all his real estate, and then says: "I hereby modify said bequest as follows," and modified it by providing as to certain of the lots that "my said wife is to have said lots above named during the time of her natural life, and after her death" to his grandchildren named.   The modification is in two respects.   The first limits the devise in these lots to his wife to a life-estate,

and the second devises the remainder to the grandchildren named. We must presume that the testator believed that his will correctly expressed his intention, and that he acted on that belief in making these modifications. If he intended by the will that his wife should only have a life-estate in his real property, then no modification was necessary, except to provide as to the remainder. The recital and provisions of this codicil are against the conclusion that the testator intended by his will to limit his wife to a life-estate. If we were left to the will alone, we would hesitate before holding that it devised but a life-estate, but aided, as we are, by the codicil, we are in no doubt but that the first intention was to give the widow an estate in fee in all the real estate, and that the modification limiting her estate to one for life only applies to the lots described in the codicil.

IV. The conveyance from Mrs. Pellizzarro to Elizabeth Reppert is attacked upon the ground of want of consideration and incapacity of Mrs. Pellizzarro to contract. The consideration was an agreement for support and maintenance to Mrs. Pellizzarro during her life, including board, clothing and all other things necessary for her comfort and happiness, secured by bond. Mrs. Pellizzarro was then sixty-five years of age, and subject to infirmities incident to her years. Of her three children Mrs. Reppert was the only one residing near, and giving her attention. Mrs. Bersch resided at St. Louis, and was only an occasional visitor, and the plaintiff was in the West, where he had been for many years, giving no care or attention whatever to his parents. Mrs. Pellizzarro was alone, with no one to look to but Mrs. Reppert and her husband, who had left their own home, and gone to hers to care for her when left alone by the death of her husband. When this agreement was made, and bond and deed executed,

*3. CONVEYANCE of real estate: consideration: agreement for future support.*

it was uncertain how long and to what extent care and support might be required. · It may be true, as argued, that the value of the property largely overpaid for the support furnished, but this could not be known in advance. There was a good and sufficient consideration for this conveyance aside from the consideration of love and affection named in the deed. As to the capacity of Mrs. Pellizzarro to make this contract the testimony is conflicting. A careful examination of it shows that most of that which the plaintiff relies upon as showing incapacity are simply acts peculiar to one of her years. There is nothing to convince that she was not capable of making this contract, and that it was not made honestly and understandingly, and free from any undue influence.

    These views lead to the conclusion that the decree of the district court should be affirmed. It is unnecessary, therefore, that we notice defendants' plea of the statute of limitations. AFFIRMED.