OLIVER BUSSARD v. BULLITT & SHULTZ, Defendants,. BRUCE SHULTZ, Intervener, Appellant.

**Fraudulent Conveyance:** JURY QUESTION. The fact that a relative 4 knowing the debtor to be in failing circumstances takes a mortgage for more than is due, will support a verdict that the mortgage was taken to defraud creditors.

PRACTICE. Valid consideration will not avail a creditor who accepts 5 a conveyance to defraud creditors.

**Evidence.** Where a stock attached for rent due from a firm is claimed 1 under mortgage, the mortgagor may be asked whether the debt secured by mortgage was an individual or firm debt.

SAME. As bearing on his intent in making the mortgage he may be 2 asked whether he did not tell mortgagee when he made the mortgage that he had conveyed his homestead to his wife.

**Practice.** The objection of incompetency does not enable one to. 3 urge on appeal that a question assumed a fact which was not proven.

*Appeal from Fremont District Court.*—HON. A. B. THOR-NELL. Judge.

WEDNESDAY, OCTOBER 16, 1895.

Action for rent, aided by attachment, and the seizure thereby of a stock of goods. The intervener claims. the goods by virtue of a prior mortgage thereon. Judgment for plaintiff, and the intervener appealed.— *Affirmed.*

*W. E. Mitchell* for appellant.

*C. S. Keenan* and *G. B. Jennings* for appellee.

Granger, J.—Early in March, 1894, Bullitt & Shultz, as a firm, were engaged in the hardware business in Imogene, Iowa. In the latter part of March, 1894, Bullitt sold his interest in the stock to his partner, George Shultz. George Shultz thereafter, on the twenty-seventh of March, gave to intervener, Bruce Shultz, his brother, a mortgage on the stock, to secure the sum of six hundred dollars. This suit was commenced March 30, 1894, to recover a balance due for rent of the store in which the stock was kept; and thereafter, in April, an attachment, in favor of the plaintiff, was levied upon the goods. On the second of May, 1894, the intervener filed his petition, claiming the goods by virtue of his mortgage lien. Plaintiff answered the intervention petition, averring that the transaction of giving the mortgage between George and Bruce Shultz was fraudulent as to creditors, because given to hinder and delay them.

I. George Shultz was a witness for the plaintiff, and he was asked whether it was a firm or individual debt that he owed Bruce Shultz, and also if he told Bruce Shultz that he (George) had conveyed his homestead to his wife, and the witness was required to answer the questions. It is now said that the first question presented a new issue. The issue certainly presented the question of whether or not there was an indebtedness, and, if so, what debt it was. We think that the ruling was certainly proper. As to the second question, it is said, that it made no difference how much or how little property George Shultz had; that Bruce Shultz had a right to get his claim secured, even if it took all the property. It is true that he had the right to secure the

debt if it took all the property, if he did so in good faith. It was the question of the intent with which the parties acted that was being tried. As bearing on that point, the amount of property that George had, and the way it was being used, was proper to be considered, especially as bearing on the fact of his intentions; and, to the extent that Bruce knew such facts, they could be considered in determining his purposes. It is true that the fraud of George alone would not defeat the mortgage as to Bruce, but in the admission of evidence the court should have in mind the whole range of facts to be shown.

It is further said that the question presupposed the conveyance of the homestead. It is likely true that the question assumed a fact not then having support in the evidence, but the objection did not suggest to the court, definitely, the thought now urged. The argument presents the objection of incompetency. The witness was competent to testify of the fact, and the evidence was not of a kind to render it incompetent. If the point now urged—that is, that the question assumed a fact not proven—was relied upon, it should have been definitely stated.

Richard Ross was a witness for plaintiff, and he testified as to two conversations with George Shultz, as to plaintiff's debt and the sale to Bruce Shultz, against objections. It is now insisted that the last conversation was after the mortgage was given. The evidence is not clear on that question. The district court seemed to think otherwise, by admitting the evidence, and we should not interfere.

II. It is earnestly contended that the verdict has not support in the evidence. The argument is directed particularly to the fact of Bruce Shultz's participation in the fraud, and it is said that there is absolutely no evidence of that fact. We do not regard the testimony

in that respect as strong. It is reasonably conclusive as to the intent of George to defraud. It is less so as to Bruce, but we think as to him the finding of the jury should not be disturbed. Bruce says that he knew that George was in failing circumstances when he took the mortgage. In view of that fact, there is a grossly suspicious circumstance in the case. It appears fairly that, when the mortgage was made, George owed Bruce four hundred dollars and some interest thereon. It is not easy to compute the interest exactly, and no one attempted to do so. In fact, it is not attempted at all by the parties. We do not see how there could be over fifty dollars of interest. The records and arguments fix the indebtedness to be secured at "four hundred dollars and interest." The mortgage was given for six hundred dollars. It appears in evidence that Bruce agreed to pay to George one hundred dollars or more, but it was never paid. It is said in argument that it was not paid because the attachment suit prevented it. The record shows nothing more than that Bruce would not pay it after this suit was commenced. It does not appear when the one hundred dollars were to be paid, and there is something like fifty dollars in the mortgage, in any view of the case, that is excessive. There is no attempt to show that the transaction approximates accuracy. If the intervener is to succeed, and have his claim established for six hundred dollars,—and he seeks nothing less,—the result is to absolutely defraud creditors to some extent; and it is not to be said from the record but that, when the intervener took the mortgage by which he now makes such claim, he knew the circumstances and the attitude in which he was placing himself.

Much importance is attached, in argument to the fact that it appears that there was a valid consideration for the mortgage. But a valid consideration for the mortgage does not operate to relieve the intervener from the legal effect of a fraudulent purpose in taking it. The record is not such as to warrant our interference with the findings of the jury. The judgment is *affirmed.*