III. Some objections to the sufficiency of the record to authorize a trial *de novo* is made, but we have examined the record, and do not find the objections to be well founded.—REVERSED.

---

In the Matter of the Estate of Frederick H. Franke, Deceased, Anna M. Franke, Appellant, v. Catharine Wiegand, *et al.*

**Acceptance of Will: PRESUMPTIONS.** Where a widow received from the executor of the will of her deceased husband, all the personal property and money remaining after settlement of the estate, in accordance with the terms of the will, she will be held to have consented to take under the will, and in the absence of proof, it will be presumed that such consent was properly entered on the records of the court, as provided by Code, section 2452. To presume otherwise would be to presume that the court approved the settlement though the will was not duly accepted.

SAME. The acceptance by a widow, of the provision made for her by the will of her husband, does not bar her right of dower, unless such provision is declared by the will to be in lieu of dower, or the right thereto is inconsistent with its provisions.

ELECTION. Where the will of a testator, to which his widow has consented, gives her the use of the homestead during her life, her occupancy of it thereafter, will be held to be under such provision, and will not constitute an election by her to take the homestead in lieu of her distributive share of the estate.

*Appeal from Dubuque District Court.*—Hon. J. L. Husted, Judge.

SATURDAY, APRIL 11, 1896.

PROCEEDING in probate by the widow of the decedent for the allotment of her share in the estate. An answer to her application was filed, to which she

demurred.   The demurrer was overruled.   She elected
to stand upon it.   Judgment dismissing her applica-
tion at her cost, was rendered, and she appeals.—
*Reversed.*

*Longueville & McCarthy* for appellant.

*Lyon & Lenehan* for appellees.

ROBINSON, J.—The facts admitted by the plead-
ings, are substantially as follows: The applicant,
Anna M. Franke, is the widow of Frederick H.
Franke, who died testate, in January, 1888.   It appears
that his will was admitted to probate, that adminis-
tration of the estate was granted, and that it is
closed.   The estate included a homestead and other
real estate in the city of Dubuque, and personal prop-
erty.   The will contained the following pro-
visions: "(2) I give and bequeath to my
beloved wife, Anna Maria Franke, all my real
estate, personal property, moneys, and credits, to be
used by her for her sustenance, comfort and enjoy-
ment during her natural life, as her exclusive prop-
erty."   "(3) After the death of my wife, I do give and
bequeath to my daughter, Rosa Franke, the home-
stead [describing it]."   "(4) After the death of my
wife, I give and bequeath to my daughter, Barbara
Lataur, *nee* Franke, part of lot 151 [describing it].
"(5) After the death of my wife, I give and bequeath
to my stepson, Frank Horch, the sum of two hun-
dred dollars."   "(6) After the death of my wife, I give
and bequeath to my stepdaughter, Marie Ruh, *nee*
Horch, two hundred dollars."   "(7) After the death of
my wife, I do will and desire that real estate,
personal property, moneys and credits, remaining
after just debts and funeral expenses of my wife,
Anna Maria, also the above legacies and bequests,

to my daughters, Rosa Franke and Barbara Lataur, my stepson, Frank Horch, and stepdaughter, Marie Ruh, *nee* Horch, have been duly paid and executed, be equally divided among the following named children and stepchildren of mine: Katherine Wiegand, *nee* Franke, Barbara Lataur, *nee* Franke, Margaretha Leike, *nee* Franke, Rosa Franke, Peter Horch. (8) I hereby appoint Ernest A. Freugel, sole executor of this, my last will and testament, * * * and give him full power to sell and convey all my real or personal estate at public or private sale, at such time or times, and on such terms, and in such manner, as he believes it is to the interest of the heirs to do so." The widow has occupied the homestead as such since the death of her husband. In June, 1889, after the payment of the debts of the estate, the personal property which remained, and its proceeds, amounting to one thousand, seven hundred and eighty-four dollars and five cents, were delivered to the widow, and she has had and enjoyed the use thereof since that time. The application in this case was filed in January, 1895. It describes the homestead; also two lots and parts of another; and avers that the applicant has a life estate in all the property described, in addition to her interest therein as a widow. The appointment of referees to set off her share is asked. The defendants are beneficiaries named in the will.

The grounds of the demurrer are: "(1) That it does not appear from said answer, that petitioner has accepted, as widow, the provisions made for her benefit, by the will of her deceased husband. (2) It appears from the statements of the answer and the will, that the provisions made for her benefit, were not in lieu of her share as widow, and that she is entitled to what the will gives her, and also her share as widow."

I. Section 2452, of the Code, provides that, "the widow's share cannot be affected by any will of her husband, unless she consents. thereto, within six months after notice to her of the provisions of the will, by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit (now district) court," No formal consent to take under the provisions of the will is shown, but that is not necessary to hold the widow to the provisions of the will. Her election may. be shown in other ways. *Baldozier v. Haynes*, 57 Iowa, 683 (11 N. W. Rep. 651); *Pellizzarro v. Reppert*, 83 Iowa, 497 (50 N. W. Rep. 19). In *Craig v. Conover*, 80 Iowa, 355 (45 N. W. Rep. 892), it is said, that the rule is, that "no particular form of words is necessary to denote an intention to take under the will, but, if the record discloses an act or declaration of the widow, plainly indicating a purpose to take under the will, she will be held to have so elected." In that case, statements contained in the report of the executors of the will, and a receipt signed by the widow for all the personal property bequeathed to her by the will, and consenting to the closing of the estate, were given the effect of a consent under the statute. See, also, *Stoddart v. Cutcompt*, 41 Iowa, 329, and *Ashlock v. Ashlock*, 52 Iowa, 319 (1 N. W. Rep. 594, and 3 N. W. Rep. 131). The plaintiff was entitled, by virtue of the statute, to but one-third of the personal property of the estate, but she received all of it under the provisions of the will. She could not elect to accept the provisions favorable to her, and reject the remainder, but was required to consent to the will as a whole, or reject it altogether. What she did must be given the effect of a consent to take under the will. The facts in regard to the delivery of the property and the payment of the money to her, should have been shown by the report of the administrator, and,

with the receipt she gave, made of record. This, or something equivalent, was necessary to a settlement of the estate, and we must presume that the court, having jurisdiction of the matter, discharged its duty. The delivery to the widow of all the personal property and money belonging to the estate, could have been approved only on condition that she had consented to accept the will, and that her consent had been made of record within the time and in the manner required by law. We cannot presume that the court acted erroneously in approving what was done by the executor. It follows that the facts admitted by the demurrer are sufficient to show the statutory consent by the plaintiff to the will.

II. It is insisted that the plaintiff is entitled to accept all the benefits which the will gives her, and, in addition, the interest in real estate which the statute would have given had there been no will. It is the well-settled rule in this state that a devise by a testator to his widow, when accepted by her, does not defeat her right to dower, unless the intent of the testator that the devise shall be in lieu of dower is shown by a declaration in the will to that effect, or is clearly deducible from its terms; as, where it appears that a claim for dower would be imcompatible with the will, and that to allow it would defeat some provision of the will. *Bare v. Bare*, 91 Iowa, 143 (59 N. W. Rep. 20), and cases cited therein; *Herr v. Herr*, 90 Iowa, 538 (58 N. W. Rep. 897); *Hunter v. Hunter*, 95 Iowa, 728 (64 N. W. Rep. 656); *McGuire v. Brown*, 41 Iowa, 650; *Parker v. Hayden*, 84 Iowa, 495 (51 N. W. Rep. 248); *Baldwin v. Hill*, 97 Iowa, 586. Therefore the consent of the plaintiff to the will in question did not have the effect to defeat her right to the relief she asks in this case, unless the will shows that to allow it would be contrary to the intent of the testator. The will does not state that the provisions

for the benefit of the wife are in lieu of dower, and, if it was intended by the testator that they should be, that intent must be gathered from the will as an entirety. That gave to the plaintiff "during her natural life" all of the real estate of the testator, "as her exclusive property," and provided that the homestead and part of one of the other lots should go to two of his daughters, after the death of his wife. No devise, excepting to his wife for life, was made of the remainder of his real estate.

It is said that the third and fourth paragraphs of the will are incompatible with the right of the plaintiff to dower, because, if she were entitled to the dower, she might have it so set off as to include the homestead, and to have that done; and to have a portion of the real estate devised by paragraph four, set apart to her under her dower right, would defeat the manifest intention of the testator to have all of the property specified in the two paragraphs, go to persons therein named. The case of *Snyder v. Miller*, 67 Iowa, 261 (25 N. W. Rep. 240), is relied upon as supporting that claim. The will construed in that case devised to the wife, in fee-simple, certain real estate, and gave to her a life estate in a small tract of land. After making certain bequests, it gave, without condition, all the remainder of the property of the testator, both real and personal, to persons named. This court held that the language used, showed that it was the intent of the testator to give to the wife only the property which was specifically set apart for her, and to dispose of all the remainder—not merely two-thirds of it—to other devisees. The language of the will construed in that case, was so unlike that of the will under consideration, that they are not governed by the same rules, and the case does not support the claim that the share given to the plaintiff must be held to be in lieu of the dower. It is well settled in

this state, that a devise to the wife, for her life, of all the real estate of her husband's estate, is not incompatible with her right of dower. The will considered in *Metteer v. Wiley,* 34 Iowa, 215, contained a provision as follows: "I give and bequeath to my wife all my property, real and personal, except what is hereinbefore devised, to be held by her during her natural life, for her sole use and benefit. But at her death I direct that the same shall be divided among all my children or their heirs." It was held that the acceptance of the will by the widow did not bar her dower. The rule of that case was approved and followed in *Watrous v. Winn,* 37 Iowa, 72; *McGuire v. Brown,* 41 Iowa, 650; *Potter v. Worley,* 57 Iowa, 66 (7 N. W. Rep. 685, and 10 N. W. Rep. 298); *Daugherty v. Daugherty,* 69 Iowa, 677 (29 N. W. Rep. 778); *Richards v. Richards,* 90 Iowa, 606 (58 N. W. Rep. 926); *Bare v. Bare,* 91 Iowa, 443 (59 N. W. Rep. 20). In the cases of *Richards v. Richards,* and *Daugherty v. Daugherty,* there were specific devises which might have been affected by allowing the widow a distributive share in the real estate. The rule which all of these cases support is decisive of this case, and sustains the application of the plaintiff for a share of the real estate in addition to the provisions made for her by the will. *In re Will of Foster,* 76 Iowa, 364 (33 N. W. Rep. 135 and 41 N. W. Rep. 43), relates to personal property, and is not in conflict with the conclusion we reach.

III. When this proceeding was commenced, the plaintiff had occupied the homestead continuously since the death of her husband, a period of about seven years. It is said that her occupation of the homestead was an election to take it in lieu of her distributive share in the real estate left by her husband. It is at least doubtful if any issue in regard to her occupation of the homestead is presented by the pleadings, but, as the effect of that occupation is

discussed by both parties without objection, we may
say that, since she consented to the will, and that gave
to her the right to possess and occupy all the realty
of the estate, including the homestead, during her life-
time, it will be presumed, in the absence of a showing
to the contrary, that her occupation was under the
will, and that it was not an election to take the home-
stead in lieu of her distributive share of the real
estate. *Hunter v. Hunter*, 95 Iowa 728 (64 N. W. Rep.
658). . For the reasons indicated, the judgment of the
district court is REVERSED.