J. P. WATSON, et al., Appellants, v. D. M. WATSON, et al.

**Wills:** DOWER.  A will devising and bequeathing to testator's wife all the remainder of his estate after the payment of his lawful debts, to have and possess the same during her natural life, with power to use and dispose of so much of the personal estate as she may deem proper, or as may be necessary for her support, with remainder over to testator's children after her death,—does not show an intention on part of the testator that such provision should be in lieu of dower.

*Appeal from Monroe District Court.*—HON. W. I. BABB, Judge.

TUESDAY, MAY 12, 1896.

THE plaintiffs allege that the parties to this action are the owners, as tenants in common, of certain real estate, which is described, and that it cannot be equitably divided among its owners.  The prayer of the petition is that the respective interests of the parties in the land be confirmed, and that it be sold, and for such further relief as may be proper.  Answers to the petition were filed; a demurrer to the answer of Mary J. Myers (formerly Watson) and Eliza E. Watson, was overruled; and, the parties who demurred refusing to plead further, a decree was rendered from which they appeal.—*Affirmed.*

*Mitchell & Hunter* and *Wm. A. Nichol* for appellants.

*T. B. Perry* for appellees.

ROBINSON, J.—On the first day of September, 1883, Isaac Watson, a resident of Monroe county, died testate, seized in fee simple of the land in controversy. His will was duly admitted to probate. In the year 1893, his widow, Zereldia Watson, died, testate, and her will was also probated. That made a bequest of one dollar to each of several persons named, and gave all the residue of the estate of the testatrix to her daughters, the appellees. We are required to determine whether the rights conferred upon Zereldia Watson by the will of her deceased husband were intended to be in lieu of her distributive share in his estate. The appellants affirm, and the appellees deny, that they were so intended.

The portions of the will which are material to a determination of the question presented, are as follows: "(1) I direct that all my funeral expenses and lawful debts be first paid out of the assets of my estate. (2) To my beloved wife, Zereldia Watson, if she survive me, I will, devise and bequeath all the remainder of my estate, both real and personal, wheresoever being and situated, to have, use, and possess only for and during her life. (3) At the death of my said wife, she me surviving, I make the following disposition of all my said property then had and held by her, to-wit: *First.* To my son, George M. Watson, I will and bequeath five dollars. *Second.* To my son Milton M. Watson, I will, devise, and bequeath the undivided one-ninth of all the remainder of said estate, less one hundred dollars, heretofore advanced by me to him. *Third.* To my son William F. Watson, I will, bequeath, and devise the undivided two-ninths of my estate

remaining after the payment of said five dollars to George M. Watson. *Fourth.* To my children, Daniel M. Watson, James P. Watson, Henry R. Watson, Margaret A. Smith, Mary J. Watson, and Eliza E. Watson, I will, devise, and bequeath to each of them the undivided one-ninth of my said estate remaining after the payment of the said five dollars to George M. Watson, as aforesaid, share and share alike. (4) I will and bequeath to my said wife the right to use and dispose of such of my personal estate as she may see proper, or as may be necessary for her support and maintenance, or the interest of my estate."

It is admitted that "the widow may take dower notwithstanding a devise to her in the will, unless there be an express provision in the will to the contrary, or the claim for dower be inconsistent with," and, if allowed, would defeat some of the provisions of the will. *Daugherty v. Daugherty*, 69 Iowa, 679 (20 N. W. Rep. 778). But the intent of the testator, as shown by the will, is to govern, and it is claimed that the will, as a whole, clearly shows that the testator intended that the life estate given to the widow should be in lieu of her statutory share. Attention is called to such expressions as "all the remainder of my estate," and "all my said property," and it is claimed that they refer in each instance to the same property, or interests; therefore, that the third paragraph of the will was intended to dispose of substantially the same property, as that given by the second paragraph. We do not think that is a necessary conclusion from the language of the will. The widow was given the right to use and dispose of the personal property of the estate in any manner she might deem proper, as necessary for her support, or for the interest of the estate, but the interpretation contended for by the appellants would prevent such disposition of the personal

property. The provisions of the will under consideration are, in legal effect, so like those of the will construed in the case of *Franke v. Wiegand*, 97 Iowa, 704 (66 N. W. Rep. 918), that both cases are governed by the same rules. The controlling question in this case was fully considered and determined in that. What we said in support of our conclusions in that case need not be repeated here. It is sufficient to say that, following the rule of that case, we hold that the benefits conferred upon the widow by the will in question, were not intended to be in lieu of dower. The decree of the district court is therefore AFFIRMED.