E. A. MILNER *et al.*, Appellants, v. M. J. DAVIS, Executor, *et al.*

Will:   ELECTION:   SALE OF HOMESTEAD.   Where the husband, who
1   is made the sole legatee and executor of the will of his deceased wife, completes a sale of her homestead pursuant to a contract made by the wife and the order of court, the same does not constitute an election to take under the will so as to preclude him from electing to take the proceeds of the sale and use the same in the purchase of a new homestead.

Homestead:   DIVERSION OF PROCEEDS.   The fact that a purchaser
2   of the homestead belonging to the wife under a contract of sale made by her, deposits a portion of the purchase price in a bank to the credit of the husband, who is sole legatee under her will, through an arrangement with the husband to complete the sale, does not   constitute a diversion of the fund prior to settlement of the estate so as to deprive it of its homestead character.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, APRIL 11, 1903.

THE plaintiffs are the owners of a judgment against the defendant M. J. Davis, who was the husband of Margaret A. Davis, deceased, and is now the executor of her estate.   Margaret A. Davis was for many years prior to her death the owner of ten acres of land, which was occupied by herself and her husband, M. J. Davis, as their homestead.   Shortly before she died, she sold this land to Daniel E. Preston for $850.   She died, however, before a conveyance thereof was made to him.   Mrs. Davis left a will, making her husband her sole legatee and the executor of her estate.   Before the will was probated, M. J.

Davis entered into a written contract with Preston whereby he agreed to complete the sale made by his wife, by qualifying as executor, and by procuring an order from the court for the conveyance of the land to him. It was also agreed that the balance of the purchase price thereof should be deposited in a bank to the credit of Davis as such executor, to be paid over to him upon the delivery of a deed for the land. The deposit was made as agreed, and the deed executed and approved October 22, 1900. This action was commenced in July, 1900, to subject the money in the bank to the payment of the plaintiffs' judgment against M. J. Davis. On the 4th day of September following, Davis filed a written election to take a home stead right, rather than under the will of his deceased wife. There was a judgment denying the claim of the plaintiffs, and they appeal.—*Affirmed.*

*Fremont Benjamin* for appellants.

*Turner & Cullison* for appellee.

SHERWIN, J.—Two propositions are urged by the appellants: First, that there was an election by Davis to take under the will; and, second, that the deposit of the pur-

1. WILL: election; sale of homestead.
chase money in the bank was a loan to the bank, and consequently a diversion of it to a use other than for the purchase of a new homestead. The election relied upon is the contract with Preston to complete the sale already made by Mrs. Davis, and the subsequent compliance with that agreement. The rule is firmly established that an election must be of record, and that it is sufficient if it discloses an act or declaration plainly indicating an intention to take under the will. *Craig v. Conover,* 80 Iowa, 358; *In re Estate of Franke,* 97 Iowa, 704; *In re Estate of Froctor,* 103 Iowa, 232. Before her death Mrs. Davis had sold this land to Preston, and a part of the purchase price had been paid to her, and her sick-

ness and death alone prevented the completion of the trans-
action.    The defendant had agreed to this sale, and its
purpose was, as stated by him, to secure a home in town.
It was perfectly proper, then, for him to agree to complete
it as soon as it could be done through legal channels, and
we see nothing in the contract itself which even points
towards an election on his part.    He did nothing more
than to agree to qualify as executor, and as such to pro-
cure the necessary order for a conveyance of the land
according to the terms of the sale made by his wife.
True, when he made the contract he had not been ap-
pointed by the court because the will had not then been
probated, but the purchaser wanted immediate possession
of the land, and the contract was so drawn that all inter-
ests would be fully protected in case of a failure on his
part as executor to carry out its terms.    Every act which
he agreed to do was to be done as executor under the
direction of the court, and every act which he did in clos-
ing the sale was so done.

The deposit of the money in the bank under this ar-
rangement was not a diversion of the fund.    Davis could
not make a deed which would be accepted by the grantee
2. Homestead:   until an order of court therefor could be ob-
diversion of
proceeds.       tained, and that could not be done until
sometime in October following.    All that could be done
then was to make a deposit which would be paid to Davis
as executor when he could furnish a deed, and until that
time he had no right to or claim upon the money.    Fur-
thermore, his only right to the money was as executor.
The estate had not been settled, and he certainly could not
appropriate any part thereof to his individual use until
the debts and the expenses of administration were paid.
We think there had been no diversion of the money depos-
ited by Preston when the defendant filed his formal elec-
tion as herein stated.    This disposes of the points argued,
and the judgment is AFFIRMED.