## John Staniford vs. Samuel H. Fullerton.

If the extent of an execution be made upon the whole of any particular part of a tract of land, holden by the debtor as a tenant in common with others, the levy will be void as against a co-tenant, or his grantee.

Writ of entry. The title set up by the demandant was under a levy upon the land as the property of *John S. Trott,* subject to a life estate therein of *Mahitable Trott.* Her death, before the commencement of the suit, was proved. The levy was made *June* 5, 1818, upon the whole of the tract of land described in the levy, but not embracing all the land of which *John S. Trott,* and *David G. Trott,* were then seized as tenants in common. The tenant proved and introduced a deed from *David G. Trott* to him, covering this and the whole of the land of which he claimed to be the owner, dated *Aug.* 17, 1837. Each party claimed the whole, and much evidence was introduced in relation to the titles of *John S. Trott, David G. Trott,* and *Benjamin Trott.* It appeared however, that if the title was as claimed by the demandant, that *David G. Trott,* at the time of the levy, and until he conveyed the same to the tenant, was seized of a share of the whole land levied on, as a tenant in common. With the general issue the tenant filed a brief statement, that if *John S. Trott* was seized of the land, or any part thereof at the time of the levy, it was as tenant in common with *D. G. Trott,* whose title the tenant has.

A verdict was taken by consent for the tenant, subject to the opinion of the Court upon a report of the facts of the case.

*Mitchell,* for the demandant, contended, that the levy was good to vest in the creditor all the right which *J. S. Trott* had in the land, if *D. G. Trott* was then a tenant in common. The levy gave a seizin to the creditor, and a title good against all but the rightful owner. The levy was upon the whole common estate, and transferred all the title of the debtor to the creditor, as effectually as a deed would have done. The tenant may have partition with the demandant, as well as with his former co-tenant.

*Tallman* argued for the tenant.

A greater estate than the one described in the levy cannot pass by it, although a less one may. *Litchfield v. Cudworth,* 15 *Pick.*

29. There has been no proof that *Mehitable Trott* had a life estate in the land.

But there is another and a fatal objection. *John S. Trott* was only a tenant in common of the farm with the other heirs, one of whom is represented by the tenant. The levy is not upon the whole farm, but only upon a part of it. This is clearly void as against a co-tenant. *Bartlett* v. *Harlow*, 12 *Mass. R.* 348; *Baldwin* v. *Whiting*, 13 *Mass. R.* 57; *Hasty* v. *Johnson*, 3 *Greenl.* 288; *Blossom* v. *Brightman*, 21 *Pick.* 283.

The opinion of the Court was drawn up by

WESTON C. J. — Assuming that *John S. Trott*, the execution debtor, had an interest, as tenant in common, in the land levied upon by the demandant, at the time of the levy, from *Benjamin Trott*, the father, through *Josiah Trott*, and also a share therein as one of the heirs of *Benjamin Trott*, which is however controverted, there is a fatal objection to the maintenance of the title of the demandant against the tenant.

The levy was upon the whole estate, described by metes and bounds, subject to the life estate of *Mehitable Trott*. This may be good against the debtor, or against strangers, but is void as against other co-tenants in common. This is a principle fully supported, by the authorities cited for the tenant. Their effect is attempted to be avoided by the counsel for the demandant, by the assumption, that the deed from *David G. Trott* to the tenant was void. But this is not sustained by the facts in the case. *David G. Trott* had been long in the possession of the farm, claiming and occupying it as his own. He had a seizin then either by right or by wrong, which he might lawfully convey, and which the tenant might lawfully purchase. He was the undoubted owner of a part of the estate in common, as one of the heirs at law of *Benjamin Trott*. This passed to the tenant, and entitles him to avoid the levy. That right may be exercised by any co-tenant, whether his proportion be great or small. But if necessary, the evidence might justify a jury in finding, that *David G. Trott* had ousted all the other heirs, except *John* sufficiently long to bring his seizin, thus acquired, under the protection of the statute of limitations. And if the levy is avoided, as it may be by the tenant his title to

the share of *John* may have become indefeasable, upon the same principle,

*Judgment on the verdict.*