IN THE MATTER OF THE ESTATE OF JONAS PROCTOR, Deceased. FLORA A. MACK, *et al.*, v. CHARLES PROCTOR AND N. H. DuFOE, Administrator, Etc., Appellants.

**Dower:** ELECTION. A widow is not necessarily put to her election between dower which in Iowa is an estate in fee simple, and a devise in her husband's will, of a life estate in all his real property, as such a devise is not inconsistent with the right of dower.

SAME. A widow will not be held to have elected to take under her husband's will in lieu of dower, by her asking for the probate of the will which nominates her as executor, and accepting her appointment as such and selling real property which under the will she had power to dispose of if necessary for her support, and keeping possession of the personal estate which the will bequeathed to her for life, where all her acts are referable to her position as an executor, and there is nothing to indicate that they were done in any other capacity.

SAME. A widow is not required to take under the will, in lieu of her distributive share under the statute, where such will does not expressly, or by clear implication, show that the devise to her was so intended, nor where such devise is not inconsistent with the statutory right, nor where an election has not been made to take under the will.

DESCENT AND DISTRIBUTION: *Husband and wife.* The heirs of a widow may have her distributive share of the estate of her deceased husband set off to them in personalty where she made no such election to take under her husband's will as to divest her of such share, as, upon her husband's death, it vested in her immediately, subject to her right of election to take under the will.

Practice: *Probate.* The heirs of a widow may maintain a petition against representatives of the deceased husband to have the widow's dower assigned to them, and her distributive share admeasured and set apart to them, although they were not legatees or devisees under the husband's will.

DOWER. The heirs of a widow whose dower was not assigned during her lifetime may have it set off to them, in the absence of an election on her part to take under her husband's will in lieu of dower.

Costs: ESTATES. The personal representatives of a decedent cannot avoid liability for costs under Code 1873, section 2933, providing that costs shall be recovered by the successful party, upon the ground that the defense to the petition of the successful party was made in good faith and on reasonable grounds.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, OCTOBER 15, 1897.

DEFENDANTS' demurrer to plaintiffs' petition was overruled, and defendants electing to stand on their demurrer, and refusing to plead over, judgment was rendered against them, from which they appeal—*Affirmed.*

*M. F. Edwards* and *J. C. Scott* for appellants.

*Courtright & Arbuckle* for appellees,

GIVEN, J. — I.   Upon the submission of the demurrer, it was stipulated as follows: "It is admitted for the purpose of a hearing on the demurrer of Charles Proctor and N. H. Du Foe, administrator, to the application for admeasurement that the will of Jonas Proctor and all papers filed in the estate be considered a part of the application, the intention being to determine the case as fully on the demurrer as could be done by a trial on the merits of the case." We understand by this stipulation that all facts appearing in the record in the estate, material to the questions raised by the demurrer are to be considered as if set out in the petition. Thus considered, we have the following matters alleged by the plaintiffs as ground for the relief asked: Jonas Proctor died, testate, October 28, 1891, seized of certain real and personal property described, leaving Susan Proctor, his widow, surviving him. By his will, after providing for the payment of debts and funeral expenses, he devised and bequeathed to his wife, Susan, "all the rest, residue, and remainder of my estate, both real, personal, and mixed, to have and to hold unto my said wife during her life, with full power to sell, transfer, and dispose of same as much as may, from time to time, be needed for her support and the cancellation of any indebtedness now and hereafter existing." It is further provided that, after the death of his wife, all the then remaining property of his estate, real and personal and mixed, "shall revert to, and is hereby given, devised, and bequeathed to, my son, Charles Proctor, to have and to hold unto himself, heirs, and assigns, forever." It is further provided that after the decease of his wife, and after Charles has received all of the property as aforesaid, he shall pay to the testator's grandchildren, Susie May and Freddie Perrin, the sum of one thousand dollars, to be divided equally among them as

they respectively arrived at the age of twenty-one years. Susan Proctor was nominated in the will to be the executrix thereof, without bonds. Upon her application, the will was admitted to probate, and Mrs. Proctor was appointed and qualified as executrix thereof, and took possession of, and proceeded to settle, the estate. While thus acting as executrix, "she sold and conveyed lots 5 and 7 in block 23, Root's addition to the town of New Hartford." No debts were proven against the estate within the required time. There was no notice to Susan Proctor to elect whether she would take under the will or otherwise, nor is there any record entry expressly showing an election by her. Pending the settlement of said estate, to-wit, April 25, 1893, Susan Proctor died, intestate, leaving surviving her, as her heirs at law, the plaintiffs Flora A. Mack, J. N. Gould, Melissa Gould, Hattie Whipple, and Nellie Thomas, the other plaintiffs being the grandchildren named in the will, of whom A. T. Perrin is guardian. Upon her death, the defendant N. H. Du Foe was appointed administrator *de bonis non* of the estate of Jonas Proctor, and administrator of the estate of Susan Proctor. On September 11, 1893, these plaintiffs filed their petition to have the distributive share of Susan Proctor admeasured and set apart to them. A question arising as to the fee granted by the will, plaintiffs, with the leave of court, withdrew said petition, and applied for a construction of the will. The will being construed, 95 Iowa, 172, the plaintiffs renewed said application for admeasurement and setting apart of said share to them, and this is the application under consideration.

To the petition as thus construed, the defendants demurred on six grounds, in substance as follows: (1) That the petition shows that Susan Proctor "did take and receive all the personal and real estate devised to her by the terms of said will, thereby consenting to take

under said will." (2) That the terms of said will are inconsistent with the right of the widow to take both under the will and her distributive share under the statute, and are inconsistent with the dower right, which shows an intention that the devised share be in lieu of dower. (3) That the provisions of the will being inconsistent with the distributive share, and such share not being assigned to her, or claimed by her, during her lifetime, her heirs cannot now be given that right, it being a personal one to be exercised by the widow. (4) That the rule of law which permits a widow, in certain cases, to take under the will and law both, applies only to real estate, and that, the widow having taken under the will, her heirs cannot have her share set off to them in personalty. (5) That the relief asked has been adjudicated in this court. (6) That the applicants are not entitled to the relief demanded, for the reason that they are not parties in interest, not being legatees or devisees under the will.

II. Our first inquiry is whether the petition shows an election by Mrs. Proctor to take under the will. Appellant cites *Craig v. Conover*, 80 Iowa, 358, and other cases holding that, if the record discloses an act or declaration of the widow plainly indicating a purpose to take under the will, she will be held to have so elected. Upon these authorities, it is contended that, because of what the record shows the widow to have done in connection with the will and the settlement of the estate, she should be held to have had notice of the provisions of the will, and to have elected to take under it. While the matters shown leave no doubt but that she knew the provisions of the will, they do not, as we view them, even tend to show an election on her part. She asked that the will be probated, as it was her duty to do, and, being nominated therein, asked to be appointed to execute it. Being

appointed and qualified, she took possession of the estate as executrix, and, as such, proceeded to settle it. Even the lots alleged to have been sold by her are alleged to have been sold "while she was acting as executrix of the estate of said decedent." Not an act relied upon as showing an election is pointed out but is plainly referable to her nomination and appointment as executrix and to her duties as such, or which, in the least, indicates an election on her part. The rule is well established and undisputed that the election must appear in the record. *In re Frank's Estate,* 97 Iowa, 704 In *Craig v. Conover, supra,* it is said: "If the record discloses an act or declaration of the widow plainly indicating a purpose to take under the will, she will be held to have so elected." In that case, the widow, as one of the executors, filed a report in effect accepting under the will, and accompanying the report with her receipt as an individual to the executors for all the property bequeathed to her. There is no such record in this case, and each of the many cases cited is equally foreign in its facts to this case so far as relates to an election. It is said in argument that Mrs. Proctor used all of this estate during her lifetime, and authorities are cited that such use is inconsistent with a dower right. So far as we discover, there is nothing to show that Mrs. Proctor made use of any part of this estate for any individual purpose, and yet she would not come within the rule of the cases cited by using it for her maintenance. We say again that her entire contact with this estate, as shown by this petition, is plainly referable to her position as executrix, and does not indicate an election upon her part to take under the will.

III. In support of the second ground of their demurrer, appellants say: "In this we affirm that it is clearly deducible from the terms of said will that it was the intention of the testator that the devise to the

widow should be in lieu of dower, and, having elected to take under the will, cannot now take under the statute in addition thereto." We have seen that the widow did not make an election, and therefore, had she survived, she would be privileged to do so. *In re Proctor's Estate*, 95 Iowa, 172, this will was construed as devising a life estate to the widow, and not a fee simple. 4  According to a long line of decisions by this court, such a devise is not inconsistent with the right of dower. See *Daugherty v. Daugherty*, 69 Iowa, 677; *Watrous v. Winn*, 37 Iowa, 72; *Parker v. Hayden*, 84 Iowa, 493. In *Metteer v. Wiley*, 34 Iowa, 214, it is held that, where there is no expressed declaration in the will that the devise shall be in lieu of dower, the intention that it should be must be deduced by clear and manifest implication from the will. In this will there is no such expressed declaration, nor do we think that such an intention is deducible therefrom by clear and manifest implication. Three sufficient reasons appear why this second ground of the demurrer was properly overruled, namely, that the will does not expressly nor by implication show that the devise was intended to be in lieu of dower. That the devise named is not inconsistent with the dower right, and that no election had been made by the widow to take under the will.

IV. The third ground of the demurrer, namely, that the heirs of Mrs. Proctor cannot now be given the right to elect, it being a personal right to be exercised by the widow, is grounded upon the claim that the provisions of the will are inconsistent with the dower right. It is said in argument: "It seems to be the holding in *Potter v. Worley*, 57 Iowa, 66, that where the provisions of the will are not inconsistent with dower, and the widow's dower is not assigned during her lifetime, her heirs may have it set off to them. Our

contention is that in this case the provisions of the will are inconsistent with the dower right." Holding, as we do, that the provisions of the will are not inconsistent with the dower right, the *Case of Potter* would seem to be controlling. There are, however, very potent reasons why the heirs of Mrs. Proctor may now ask the relief demanded. It is true that the right of election ceased with the widow's death, and equally true that her heirs take whatever she died seized of. The distributive share of the widow vested in her immediately upon the death of her husband, qualified by her right of election to take under the will, and to the rights of creditors of the estate to the extent that the personal property might be applied to the payment of debts. We have seen that there were no debts and no election by the widow to divest her in whole or in part of the distributive share that vested in her immediately upon the death of her husband. Being seized of the right to her distributive share in her husband's estate at her death, that right passed to her heirs immediately upon her decease. See *Potter v. Worley, supra,* and *Blair v. Wilson,* 57 Iowa, 177.

V. The fourth cause of demurrer is grounded on the assumption that Mrs. Proctor had elected to take under the will, and therefore it is insisted that her heirs cannot have her share set off to them in the personal property. Mrs. Proctor, not having made an election, died seized of the right to take under the statute in both real and personal property, and this right descended to her heirs upon her death. The proceeding for the construction of this will was not an adjudication of any of the questions presented in this application, nor, indeed, could they have well been adjudicated in that proceeding. While it is true that the plaintiffs, heirs of Mrs. Proctor, are not legatees or devisees under the will, they are parties in interest, and entitled to maintain this proceeding. Our conclusion is that the demurrer was

properly overruled as to each and all of the grounds thereof.

VI.    The court below found that the will gave to Mrs. Proctor a life estate only; that the same was not inconsistent with a right of dower in addition thereto; and that the heirs of Mrs. Proctor have the right to have her distributive share set apart to them; and that said share consisted of one-third of the estate of Jonas Proctor.   It was ordered that the demurrer be overruled, and that one-third of the estate of Jonas Proctor be admeasured and set apart as part of the estate of Susan Proctor, and that N. H. Du Foe, administrator of Susan Proctor's estate, credit himself with one-third of the personal property in the Jonas Proctor estate, and charge himself therewith in the Susan Proctor estate.   Referees were appointed to admeasure said share in the real estate, and the costs were taxed against the defendants.   While it is left somewhat obscure, we understand that Mr. Du Foe was appointed administrator *de bonis non* of the estate of Jonas Proctor, and administrator of the estate of Susan Proctor.   This being true, the order of the court as to the personal property effectuates just what the heirs of Susan Proctor are entitled to; and the order for the admeasurement of their share out of the real estate is authorized by the conclusions we have reached.   We think the complaints against the decree in these respects are not well founded

Appellants also complain that the costs are taxed to them, and insist that as their defense is made in good faith, upon reasonable grounds, the costs should be paid out of the estate of Susan Proctor.   The general rule is that "costs shall be recovered by the successful party."   Code 1873, section 2933. That a defense has been made in good faith, and upon reasonable grounds for making it, forms no exception to this rule.   The decree of the district court is AFFIRMED.