RUTH BRIGHTMAN v. JOHN MORGAN *et al.*, Appellants.

| 111 | 481 |
| 140 | 313 |
| 142 | 504 |
| 142 | 505 |

**Wills:** ELECTION BY HUSBAND.   Where a surviving husband not only filed an election to take under the will of his deceased wife, but received benefits under the will, and, though served with notice of the filing of a final report of the executrix and of her application for discharge, made no objection thereto, he will be deemed to have made an election.

**Executions:** UNADMEASURED DISTRIBUTIVE SHARE.   The unadmeasured distributive share of the husband in his deceased wife's real estate is not subject to levy under an execution against him.

**Appeal:** PLEADING BELOW:   *Estoppel.*   Testatrix bequeathed her estate to her daughter, who was to care for her father during

his life; and the father elected to take under the will in lieu of his rights at law. Suit was brought by the daughter to enjoin a sale of the land under an execution against the father. She contended on appeal that her father had no interest in the land subject to execution, because of his election. and was thereby estopped to set up a dower interest, but no estoppel was pleaded in the trial court. *Held*, that, as there was no plea of estoppel, the question could not be considered on appeal.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, MAY 19, 1900.

SUIT in equity to enjoin the sale of certain lands under execution in favor of one Bomboy. From a decree for plaintiff, defendants appeal.—*Affirmed.*

*Roscoe Barton* for appellants.

*Cullison & Turner* for appellee.

DEEMER, J.—In September of the year 1886, Bomboy obtained judgment against one J. W. Lackey. Elizabeth Lackey, wife of J. W. Lackey, died testate in February of the year 1889, seised of two hundred and forty acres of land. By the terms of her will, she devised her property, both real and personal, to her daughter, Ruth Brightman. The will also reads as follows: "I also desire and expect that my daughter, Ruth Brightman, will furnish my beloved husband, John Wesley Lackey, a good, comfortable home, and with all the necessaries of life suitable to his condition, age, and standing in life, and treat him kindly and affectionately, and care for him in sickness, and provide for him medicines and medical attendance during his life, and give him a respectable and commendable burial after his death. I desire that he accept the provisions of this will in lieu and instead of all other rights he has to my property under the law." Ruth Brightman was appointed executrix

of the will, and proceeded to act as such until her discharge, in May of the year 1890. Notice of the terms of the will was given to J. W. Lackey, and on October 26, 1891, eight months after the same was made, he filed with the clerk of the courts an election to take under the will. No other or further record was made of this election. The daughter (plaintiff) has collected the rents of the farm, and for two years after the death of Mrs. Lackey she and her father made their home on the land. Plaintiff contends that her father has no interest in the land subject to execution, for the reason that he filed an election to take and accept the benefits of the will; and, second, because his distributive share has never been admeasured. There is no plea of estoppel. Hence that question cannot be considered. *Golden v. Hardesty,* 93 Iowa, 622; *Glen v. Jeffrey,* 75 Iowa, 29; *Jackson v. Lynn,* 94 Iowa, 151. The statute (Code, 1873, section 2452) in force when the will was probated reads as follows: "The widow's share cannot be affected by any will of her husband unless she consents thereto within 6 months after notice to her of the provisions of the will by the other parties interested in the estate; which consent shall be entered on the records of the court." This section has been held applicable to the share of the husband in the wife's estate. *Shields v. Keys,* 24 Iowa, 298. While no record of the surviving husband's election to take under the will was made, yet such an election may become effective, although not entered of record. *Craig v. Conover,* 80 Iowa, 358; *Pellizzarro v. Reppert,* 83 Iowa, 497; *In re Franke's Estate,* 97 Iowa, 707. In *Craig v. Conover, supra,* it is said, "If the record discloses an act or declaration of the widow plainly indicating a purpose to take under the will, she will be held to have so elected." In the case at bar the surviving husband not only filed an election, but he received some of the benefits under the will, and although served with notice of the filing of the executrix's final report, and of her application for discharge, made no objection

thereto, but, in effect, consented to her discharge and to the settlement of the estate. Under the authorities before cited, this should be held to constitute an election. Aside from this, however, there was nothing on which to levy execution until the distributive share was set aside or admeasured. *Rausch v. Moore,* 48 Iowa, 611; *Getchell v. McGuire,* 70 Iowa, 72; *Purcell v. Lang,* 97 Iowa, 610. It may be that an execution plaintiff has a remedy in equity to subject the husband's unassigned interest in his deceased wife's real estate, but that point need not be determined, for there is no prayer in defendant's answer for such relief.

Treating J. W. Lackey as a co-tenant with plaintiff, it may well be doubted whether a levy on his undivided one-third interest is of any validity. *Starr v. Leavitt,* 2 Conn. 246; *Slaniford v. Fullerton,* 18 Me. 229; *Lawrence v. Burnham,* 4 Nev. 368; *Smith v. Knight,* 20 N. H. 17; and Code, sections 3977, 3978. Our conclusion is that the decree of the district court is right, and it is AFFIRMED.