T. R. PERCIFIELD V. AMANDA A. AUMICK, Appellant.

**Occupancy of Homestead by Widow:** PRESUMPTIONS: *Election.* The
continued occupancy of the homestead by a widow will
1  be presumed to have been under her husband's will giving her
a life estate therein, rather than under Code 1873, section 2008,
giving the widow the right to elect to retain the homestead for
life in lieu of a distributive share.

**Statutes:** CONSTRUCTION OF DEVISE: *Change of statute.* Code 1873,
section 2452, by which a devise to testator's wife of a life
estate in all his property, in the absence of restrictive words,
2  is not to be treated as in lieu of dower, controls where the
rights of the parties accrued while it was in force and before en-
actment of Code, section 3270, changing the rule of construction.

*Appeal from Lucas District Court.*—HON. T. M. FEE, Judge.

SATURDAY, APRIL 12, 1902.

ACTION for partition. The trial court found that plain-
tiff was entitled to a one-third interest in the premises in
question, consisting of a house and lot, and ordered a sale
thereof, and distribution of the proceeds. Defendant ap-
peals.—*Affirmed.*

*Stuart & Stuart* for appellant.

*E. W. Drake* for appellee.

MCCLAIN, J.—In 1879 one E. P. Young died testate,
seised in fee of the premises in question. By his will it was
provided that his widow should have a life estate in these
premises, and that the same should, on the death of the widow,
go to the defendant. The widow continued for nineteen years
to occupy the premises, which constituted the homestead and
sole real property of deceased, and then executed to plaintiff a
conveyance of a one-third interest therein, and soon there-
after died. Plaintiff claims solely by virtue of this convey-

ance. Defendant's claim to the entire property is on one or the other of two theories: First, that the occupancy of the widow was of the premises as the homestead of her deceased husband, and under this theory the premises would descend on the extinguishment of the homestead occupancy by the widow to the defendant as the only heir of E. P. Young; second, that the occupancy of the widow was of the life estate under the will, that the grant to her of such life estate was in lieu of dower, and that, having thus elected to accept the provisions of the will, she had no dower interest which could be conveyed to the plaintiff. Under this theory defendant would take the entire premises by the provisions of the will.

With reference to the claim that the widow's occupancy was under her homestead right (Code 1873, section 2008, now substantially embodied in Code, section 2985), it is sufficient to say that, while the statute gives to the surviving husband or wife the right to elect to retain the homestead for life in lieu of a distributive share in the husband's estate, there is no presumption that the continued occupancy of the homestead is by virtue of such an election, unless it appears that such occupancy is inconsistent with any other right to thus occupy. *Egbert v. Egbert,* 85 Iowa, 525 ; *In re Franke's Estate,* 97 Iowa, 704 ; *Hunter v. Hunter,* 95 Iowa, 728. The occupancy in this case was entirely consistent with the provisions of the will, and it is to be presumed that the widow was availing herself of her rights under the will rather than of her right to occupy the homestead for life.

If, then, the widow accepted the provisions of the will, the next question is whether they are to be construed as excluding her distributive share so as to require an election, or whether, on the other hand, the life estate was given to her in addition to her distributive share. It is to be borne in mind that the rights of the parties accrued while the Code of 1873 was in force, under section

2452 of which it was held by this court in many cases that a devise to a wife of a life estate in all of testator's property, in the absence of any restrictive words, was not to be treated as made in lieu of dower, and that the action of the wife in accepting the benefits of such a devise would not cut her off from the interest in her husband's estate which she would have enjoyed in the absence of a will. *In re Proctor's Estate*, 103 Iowa, 232. This rule of construction is now changed by section 3270 of the present Code. Therefore the conveyance to plaintiff vested in him the interest which he claims, and which was recognized by the lower court.—AFFIRMED.