HUGH ROBERTSON, Appellee, v. LOUISA SCHARD and J. J. DATIN, Sheriff, Appellants.

**Wills:** ELECTION: RIGHTS OF CREDITORS. It is the right of a surviving husband to elect between the provisions made for his benefit in the will of his deceased wife and his statutory rights in her estate; and his creditors can not control this right, although by the will he would take nothing which they could reach and by an election to take his statutory interest their claims might be satisfied.

**Same:** DEVISE IN TRUST: DOWER. A devise of property in trust, the income to be used for the benefit of the husband as the trustees deem best, with authority to convey any of the property to him, excludes a dower interest, unless the husband elects to waive the provisions of the will; and creates no interest which can be reached by his creditors prior to a conveyance of the property to him.

**Wills:** ELECTION. In the absence of a statute requiring a written election to take under a will, any act or declaration of the husband plainly indicating such a purpose was sufficient.

**Trust Estates:** DISCHARGE IN BANKRUPTCY: RIGHTS OF CREDITORS. Where property held in trust for a bankrupt was not subject to the claim of his creditors prior to his discharge, a subsequent conveyance of the same to him in pursuance of the discretion vested in the trustees did not render it subject to debts antedating his discharge, though the conveyance was purposely delayed.

*Appeal from Lee District Court.*—HON. JAMES D. SMYTHE, Judge.

TUESDAY, FEBRUARY 9, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

ACTION in equity to enjoin the execution sale of

certain real estate. Decree as prayed, and defendants appeal.—*Affirmed.*

*A. L. Parsons, W. J. Roberts* and *B. A. Dolan,* for appellants.

*Hazen I. Sawyer* and *James C. Davis,* for appellee.

WEAVER, J.—Prior to the year 1898 Mary Robertson, of Keokuk, Iowa, died testate, devising the property now in controversy, with other property of which she was seised and possessed, to trustees, directing them to use such of the profits and income therefrom as they might deem best for the use and benefit of her surviving husband, Hugh Robertson, but not providing that he should have any claim to or upon any specific part or portion of said trust estate. The trustees were authorized in their discretion to deliver to said Hugh Robertson any specific article of personal property, or to convey to him any part or parcel of the real estate included in said trust. In July, 1898, said property being still held by said trustees under said trust, one Petzel obtained a judgment against Hugh Robertson in the district court of Lee County. In March, 1899, Robertson, having become involved in heavy losses in mercantile business, filed a petition in bankruptcy in the United States District Court for the Southern District of Iowa, scheduling, among his debts and liabilities, the claim represented by the judgment above mentioned. He also scheduled the property of which he claimed to be possessed, but included therein no reference to the interest, if any, he had in the trust property held by the trustees under his deceased wife's will. On March 8, 1899, he was duly adjudged bankrupt. The owner of the judgment filed a transcript thereof with the referee for allowance in the bankruptcy proceedings, but, not being supported by the required proof, it was disallowed. On application of

creditors of the bankrupt the trustees under the will of Mary Robertson were made parties to the proceeding, to determine whether they held any property liable to be subjected to the payment of the bankrupt's debts. These matters appear to have been thoroughly investigated by the referee, who upon full hearing held that Hugh Robertson had no interest in, or title to, the trust property which could be subjected to the claims of the creditors. Thereafter, on application of the bankrupt for final discharge, the creditors and the trustee in bankruptcy objected thereto, alleging as a reason therefor that said bankrupt had concealed and failed to list among his assets his interest in the trust estate created by the will of his deceased wife. After the report of the referee holding that the trust property was not subject to the payment of the debts of the said Robertson, the objections to his discharge were withdrawn, and on August 7, 1899, an order was entered by said United States District Court that said Hugh Robertson be discharged from all debts and claims made provable by the acts of Congress against his estate. Later, because of some informality in the entering of this order, the case was reopened, a new notice served on all creditors, and on July 2, 1900, another and final order of discharge of said bankrupt was duly entered. More than two years later, on October 2, 1902, the trustees under the will of Mary Robertson exercised the power and discretion thereby vested in them by conveying the property in controversy to the said Hugh Robertson. Five years later, the defendant Schard, claiming to have received an assignment of the Petzel judgment, caused an execution to be issued thereon, and levied upon said property, and to enjoin its sale by the sheriff, Robertson began this action in equity. On trial to the court the facts substantially as above outlined were developed without material dispute, and decree was entered for the relief prayed by the plaintiff, and defendants appeal.

If we understand appellant's proposition it is:  First, that Robertson upon the death of his wife became instantly seised of a one-third interest in the real estate left by her, and that such interest became subject to the lien of the Petzel judgment rendered in the following year; and, second, that the effect of the discharge in bankruptcy was simply · to release the bankrupt from personal liability, but left the lien of the judgment unimpaired.  As we are compelled to disagree with appellant upon the first proposition, we shall have no occasion to consider or pass upon the latter.

Counsel say that the provision made in the will for the benefit of Hugh Robertson was not made in lieu of dower or distributive share, while appellee insists that it

1. WILLS: election: rights of creditors.

was.  Appellant has not seen fit to furnish us with a copy of the will, and in its absence the usual presumption in favor of the holding of the trial court requires us to assume that appellee's theory in this respect is correct.  But, assuming that the will does not expressly declare the provision to be in lieu of the husband's legal share, yet even, as stated by appellant's counsel, it is of such nature as necessarily excludes the idea that the husband may claim the benefit of both the will and the statute.  The record does disclose that he made no claim of dower, and that he gave written consent to the approval of the report of the trustees showing that they had taken and were holding under the terms of the trust all the property so devised by the will.  It is not correct to say that upon the death of the wife title to a one-third interest in her estate vests, *eo instante,* in the surviving husband.  See *Shields v. Keys,* 24 Iowa, 298, and second paragraph of opinion in *Piekenbrock v. Knoer,* 136 Iowa, 540.  The right which he becomes vested with is the right of choice between what the law offers him and the increased or other benefits offered him by the will.  The choice is to be made by him, and not by his creditors.

*Potter v. Worley,* 57 Iowa, 66. The fact that by his choice to take under the will he gets nothing which can be subjected to the payment of his debts, while had he taken under the statute the property so acquired could be seised by his creditors, is wholly immaterial. *Brightman v. Morgan,* 111 Iowa, 481; *Piekenbrock v. Knoer, supra.* The creditor of a husband has no equity by which the husband's election may be controlled. The wife is under no obligation to give or devise to an insolvent husband her own estate when she knows that it will be immediately absorbed by his creditors, and if she can construct a trust from which he may derive some benefit, without vesting him with an estate or interest which is subject to levy, or other legal process, at the suit of such creditors, and thereby make sure that he will not become an object of public charity, there is no good reason in law or morals why she could not be allowed to do so.

The case of *Meek v. Briggs,* 87 Iowa, 610, though not involving the relation of husband and wife, is authority for the proposition that a testamentary trust which

2. SAME: devise in trust: dower.

places property in the hands of trustees with full discretion as to when and how the trust estate shall be applied to the benefit of the *cestui que* trust creates no estate which can be reached by the creditors of the latter. Such trusts also find support in Perry on Trusts, section 386a, *Barnes v. Dow,* 59 Vt. 530 (10 Atl. 258), *Rife v. Geyer,* 59 Pa. 396 (98 Am. Dec. 351); *Keyser v. Mitchell,* 67 Pa. 473, and *Perkins v. Hays,* 3 Gray (Mass.) 405. Directly in point see the late case, *Bank v. Crist,* 140 Iowa, 308. That the estate devised to Hugh Robertson is of this nature, and is inconsistent with the thought that he should take dower in the same property, we regard as clear; and, as we have already said, it is clear, also, that he elected to take under the will.

At the date when this will came into effect the stat-

ute did not make a written election filed in court the only method by which a surviving husband could express his

3. WILLS: election.

choice in the matter, and any act or declaration of such survivor "plainly indicating a purpose to take under the will" was a sufficient election. *Craig v. Conover*, 80 Iowa, 358; *Brightman v. Morgan*, 111 Iowa, 481. Indeed, even if the provisions of the will were not so inconsistent with the husband's statutory right as to require him to elect between them, yet if the parties in interest so regarded them, and the husband voluntarily elected to take under the will and relinquished all right to a statutory share, we are not prepared to hold that his creditors have any right to complain. *Shields v. Keys*, 24 Iowa, 309.

According to the cited case the will of the wife has the effect to pass the entire title to the devisees named therein subject only to be defeated by the demand of the

4. TRUST ESTATES: discharge in bankruptcy: rights of creditors.

surviving husband for a statutory share. If he sees fit to waive the right to make such demand and allow the will to have full effect according to its terms, he has a perfect right so to do, and in such case nothing vests in him unless it be by force of the terms of the will. It follows of necessity, under the facts of the present case, that unless the will of Mary Robertson vested her husband with some estate which was subject to the lien of the Petzel judgment, then, upon appellant's own theory of the law, she has no case and the decree of the district court is right. The rule recognized in *Meek v. Briggs* and other authorities of like import above cited sufficiently upholds the doctrine that trust property, committed to the discretion of trustees without power of control in the beneficiary of the trust, is not subject to levy and sale by the creditors of the latter. At no time prior to the date of his discharge in bankruptcy had Hugh Robertson any title, legal or equitable, in this property. The trustees were under no

obligations to convey or deliver the property to him otherwise than in their own discretion. He had no right therein which he could sell or convey to another. He had nothing to which the lien could attach. There being no lien; and the discharge in bankruptcy having released the debtor from personal liability, then upon appellant's own theory of the law the judgment can not now be enforced against his property.

The fact that two years or more after his discharge the trustees exercised their discretion in his favor and conveyed the property to him in his own right does not aid the appellant. Even if we assume that they delayed this conveyance until after his debts had been wiped out by the bankruptcy proceedings, it worked no fraud upon his creditors. It is enough that at the time of his discharge he had surrendered to his creditors all his legal and equitable estate which they could subject to the payment of their claims. What he has since acquired he holds free from all claims antedating his adjudication as a bankrupt. The trial court correctly held the plaintiff entitled to have the collection of said judgment permanently enjoined, and the decree appealed from must be sustained.

The appellant has moved to strike an amendment filed to the appellee's amended abstract as being an unnecessary addition to the record, and to strike appellee's argument as having been filed too late. We find neither motion well taken, and they are overruled. All costs will be taxed to the appellant.—*Affirmed.*