HANNEMAN v RICHTER.

(Circuit Court, E. D. New York. March 10, 1910.)

1. CURTESY (§ 2*)—CURTESY CONSUMMATE—ABOLITION.
    Curtesy consummate, by virtue of 2 Gen. St. N. J. p. 2014, § 9 (P. L. 1864, p. 698), was not abolished by the married women's act of March 25, 1852 (P. L. p. 407), as amended by Act March 27, 1874 (2 Gen. St. pp. 2012, 2013, §§ 1–3).

    [Ed. Note.—For other cases, see Curtesy, Cent. Dig. §§ 3, 4; Dec. Dig. § 2.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. ESTOPPEL (§§ 116, 118\*)—PRESUMPTION.**

An act or election claimed to constitute an estoppel must be clearly and definitely proved, and cannot be presumed, in the absence of any testimony by which the election is shown.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 306, 308; Dec. Dig. §§ 116, 118.\*]

**3. CURTESY (§ 11\*)—ESTOPPEL.**

Where one entitled to a life use of his wife's real estate as tenant by the curtesy qualified as trustee under his wife's will, bequeathing to him the property in question in trust for testatrix's daughters and sister to hold and divide when the daughters became of age, etc., and made no objections to the provisions of the will or to the obligation taken by him to carry out such provisions, but nevertheless held the property for 22½ years and appropriated the rents to his own use with full knowledge of the trust, it cannot be urged after his death that he had elected to waive his curtesy rights, in the absence of proof showing some act equivalent to an election or to a specific waiver thereof.

[Ed. Note.—For other cases, see Curtesy, Dec. Dig. § 11.\*]

Bill by Louis Hanneman against Matilda G. Richter, as executrix, etc. On motion to dismiss. Granted.

Andrew G. Cropsey, for plaintiff.

Richard B. Kelly, for defendant.

CHATFIELD, District Judge. The plaintiff brought this action (since removed into this court) in equity, as the representative and next of kin of his deceased wife and as guardian of their infant child, against the defendant, individually and as representative and next of kin of one Ludeman, the father of both the plaintiff's deceased wife and of the defendant. For a number of years prior to his death Ludeman acted within the state of New Jersey as trustee under the will of his wife, and during that period had under his control a certain house at Union Hill, from which he collected the rents. He qualified as such trustee immediately after the death of his wife, by whose will he was named as executor and trustee for their children; one of the children being, as has been said, the wife and testator of the plaintiff, and another the defendant herein.

The situation has been further complicated by a proceeding in voluntary bankruptcy in this court against the plaintiff as an individual, in which the claim urged in the present action is scheduled as an asset of the bankrupt. Further, in 1901, the plaintiff herein brought an action in New Jersey to partition the real estate in question, and in that action demanded an accounting for rents from the defendant here, as executrix of her father's will. It further appears that in 1901 the defendant in the present action sued the plaintiff (Hanneman) upon a debt for money loaned by her mother, who it will be remembered was Hanneman's mother-in-law; the amount of this loan having been specifically bequeathed to the defendant and her sisters by their mother's will. Various defenses were interposed, one of which is said to have involved the question raised in the present action; but judgment was allowed to go by default, and the bankruptcy proceeding on behalf of Hanneman was intended to relieve him from this judgment along with the other

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claims. It also appears from the record that Ludeman collected the rents from the premises in question some 22½ years subsequent to the death of his wife, and that after his own death, the defendant in the present action collected these rents for at least 1½ years. In the action for an accounting, brought in New Jersey, the defendant in the present action paid over the share belonging to Hanneman's wife's estate of the rents for the aforesaid 1½ years, and thus removed it from the scope of the present suit.

The motion to dismiss the present action for lack of prosecution has been made, and the plaintiff has appeared in court by his attorney and admitted that, unless he can prevail in his contention upon one question of law, he has no foundation for the present action. In order, therefore, to avoid the expense and difficulty of taking testimony and printing the necessary record, the plaintiff has demurred to the answer of the defendant, on the ground that upon the facts shown, which are substantially as recited above, the answer is insufficient as a matter of law. The purpose of the demurrer is really an attempt to obtain a ruling upon the sufficiency of the plaintiff's claim, rather than the insufficiency of the defendant's answer thereto; but, whichever way the question is raised, the determination is comparatively simple.

When Mrs. Ludeman, the mother of the defendant and of the plaintiff's wife, died in 1878, she left, and attempted to dispose of by will, the real property above referred to. Her husband, the testator of the defendant, was living, and immediately entered into possession of that property. Children having been born of that marriage, Ludeman was entitled to a life use of the real estate as tenant by curtesy. The provisions of the wife's will were as follows:

"I give and bequeath to my beloved husband, Henry Ludeman, in trust for my two daughters, Amanda and Matilda M. G. Ludeman, and my sister, Hermina Elizabeth King, of Hamburg, in Germany, until my two daughters aforesaid shall have arrived at the age of twenty-one years all my real estate situated in the township of West Hoboken, aforesaid, in three equal shares, share and share alike, as they three shall determine, after my youngest daughter aforesaid shall have arrived at the age of twenty-one years. And I further give and bequeath to my daughter Amanda, my gold watch, and to my daughter, Matilda, any remaining articles of jewelry I may die possessed of, and all of my silverware and wearing apparel to be equally divided between my two daughters aforesaid, after my decease, and if any or either of the three devisees aforesaid should die prior to the execution of the trust aforesaid, then and in that case the real estate aforesaid shall go to the survivors or survivor of them."

The trust does not specifically provide for payment of the income of said property before its distribution; but Ludeman's rights as tenant by curtesy would be lost if he waived his claim, and if he himself as trustee, or if any other trustee, took possession of the property and administered it as a trust under Mrs. Ludeman's will, with an accumulation of the income or a payment thereof to the beneficiaries. An administration of the trust might even be had in connection with the rights of the tenant by curtesy, until the youngest daughter reached the age of 21 years. The trust, then, being capable of execution, the tenant by curtesy could waive any further rights and free the property from his life estate. But no affirmative release of his tenancy is shown,

and the only question is whether mere qualification as executor and trustee should be deemed as a waiver. Such a question arises more often in connection with dower, where a specific bequest must be accepted in lieu of dower if the two rights are in conflict.

It is not disputed that Ludeman qualified as trustee, and that he made no objection to the provisions of the will, or to the obligation taken by him to carry out those provisions. On the other hand, the record shows no act on his part which by itself is equivalent to an election, or to a specific waiver of his rights as tenant by curtesy. His holding of the property for 22½ years, and the appropriation of rents, to his own use during all of that period, with full knowledge by him that he was at the same time trustee for the benefit of his own daughters, and bound to turn over and account for the property disposed of by the will of his wife, from which property he was receiving the benefits, makes it impossible to hold that he unwittingly appropriated what he intended to faithfully account for as trustee. If Ludeman did not intend to recognize the trust, and never did anything equivalent to such an admission, then he never did anything which was equivalent to an election in favor of himself as trustee, or to a waiver of his rights as tenant by curtesy. His qualification as trustee was merely potential and precautionary, and must have been followed by some affirmative act showing that he was holding the property in his fiduciary capacity, and in conflict with his own life use, before he can be estopped. Especially in his absence and after his death, such estoppel would in effect determine that he did not claim the rights which he admittedly seems to have exercised, with full knowledge of the trust in question.

A number of cases have been cited from the New Jersey Reports to the effect that under the provisions of the New Jersey Statutes (2 Gen. St. p. 2014, § 9; P. L. 1864, p. 698) tenancy by curtesy consummate was not abolished by the married women's act of March 25, 1852 (P. L. p. 407), as amended by Act March 27, 1874 (2 Gen. St. pp. 2012, 2013, §§ 1–3). Porch v. Fries, 18 N. J. Eq. 204; Vreeland v. Ryno, 26 N. J. Eq. 160; Colgan v. Pellens, 48 N. J. Law, 27, 2 Atl. 633. The New Jersey law seems to be entirely in accord with the general proposition that if a person is asserted to have done something contrary to his own interest, when in apparent possession of information as to his exact position, such election or act, claimed to be an estoppel, must be clearly and definitely proved, and cannot be presumed, in the absence of any testimony thereto. Kerrigan v. Connolly (N. J. Ch.) 46 Atl. 227.

The question of law raised by the demurrer must be answered in favor of the defendant, upon the stipulation filed, to the effect that the plaintiff's rights in the present action shall depend upon the determination of this question. The motion to dismiss the suit upon the plaintiff's failure to produce any testimony in support of his position should be granted.