GEO. W. PRICHARD, Administrator, Appellant, v. OSCAR ANDERSON, Executor, Appellee.

No. 44256.

MARCH 15, 1938.

Prichard & Prichard, for appellant.

C. A. Smedal, for appellee.

STIGER, C. J.—A. B. Anderson died testate in Story County,

on April 5, 1932, seized of certain real estate and his homestead in the town of Roland, which homestead was free of encumbrance. He was survived by his widow, Carolina Anderson, and several children by a former marriage. He devised and bequeathed to his wife $10,000, and, in addition, the use and occupancy of the homestead as long as she lived and remained his widow which devise and bequest was in lieu of dower and statutory rights. The residue of the estate was left to his children. The estate of Mr. Anderson has not been closed and is insolvent. Carolina Anderson continued to live in the homestead until her death on January 18, 1934. She was granted a widow's allowance. She did not file an election to take under the will of her husband, and no notice was served requiring her to make such election under Code section 12007. Mrs. Anderson died intestate without children. The homestead is valued at $3,000.

The administrator of the estate of Carolina Anderson filed in the estate an application to have the court determine whether or not she elected to take under the will or took an undivided one-third interest in the real estate of her husband as her distributive share. No pleading other than the said application was filed.

After the death of her husband, she was given a copy of his will. The executor of the estate several times called on Mrs. Anderson with respect to the administration of the estate. The above are all the facts and evidence in the case.

The trial court found that:

"The law also provides by section 10145 that upon the death of either husband or wife, the survivor may continue in possession and occupy the whole homestead until it is otherwise disposed of according to law. Upon the death of the spouse the survivor may occupy the homestead until proper legal disposition is made of the same. This right to occupy the homestead is a temporary right and is said to expire after a reasonable time. Occupation of the homestead by the survivor for an unreasonable length of time will be presumed to be an election upon the part of the said surviving spouse to occupy the homestead in lieu of the distributive share.

"The widow remained in the homestead for nearly two years until her death. The Court finds that nearly two years was an unreasonable length of time for the widow to occupy the

homestead under the circumstances existing, and that this length of occupancy under the circumstances that existed does create an election upon the part of the widow to retain the homestead for life in lieu of her distributive share in the real estate of her husband.''

A decree was entered denying the claim of the administra-. tor of the estate of Carolina Anderson that she died seized of an undivided one-third interest in the estate of her husband, and holding, in effect, that she elected to take a life estate in the homestead in lieu of her distributive share and quieted title to the real estate in the heirs of A. B. Anderson.

It is conceded by the parties that Mrs. Anderson did not either formally or by her acts, conduct, and declarations elect to take under the will. The contention of the appellant, administrator of the estate of Carolina Anderson, is that she took her distributive share and died seized of an undivided one-third interest of the real estate, and it is the claim of the appellee, executor of the estate of A. B. Anderson, that she elected to occupy the homestead for life in lieu of her distributive share.

In his attempt to sustain the judgment of the trial court, the appellee, in his argument states:

''This right to the distributive share does not become immediately vested in the survivor, but the survivor becomes vested with the right to choose which of the two he will take.''

Prior to the case of Van Veen v. Van Veen, 213 Iowa 323, 333, 236 N. W. 1, 5, 238 N. W. 718, our cases were not in accord as to the nature and extent of the interest of a widow in her husband's real estate immediately upon his death. Some of the cases held, as asserted by appellee, that the survivor did not become vested with an absolute title to a one-third interest in the land of the decedent but became vested with a right to choose whether he would take a distributive share or in lieu thereof a life estate in the homestead and, when such choice was made, it would relate back to the death of the decedent. Among the cases so holding are: Watrous v. Watrous, 180 Iowa 884, 163 N. W. 439; Arnold v. Livingston, 157 Iowa 677, 139 N. W. 927; Piekenbrock & Sons v. Knoer, 136 Iowa 534, 114 N. W. 200; Robertson v. Schard, 142 Iowa 500, 119 N. W. 529, 134 Am. St. Rep. 430; McDonald v. McDonald, 76 Iowa 137, 40 N. W. 126. Other

cases held that immediately upon the death of the decedent, the survivor became vested with an undivided one-third interest in the real estate subject to the right to divest himself of this estate by electing to take under the will or the homestead right. Cases in this group are: Waterloo, C. F. & N. R. Co. v. Harris, 180 Iowa 149, 161 N. W. 69; In re Estate of Smith, 165 Iowa 614, 146 N. W. 836; In re Estate of Proctor, 103 Iowa 232, 72 N. W. 516.

■■■ Recognizing the confusion in the prior decisions of the court, Mr. Justice Albert, in the case of Van Veen v. Van Veen, supra, after reviewing many of our decisions, stated:

"To the end that this apparent conflict on this proposition may be cleared up and a definite rule fixed, it is our holding that on the death of the husband, the surviving wife becomes immediately vested with an interest and estate in the property itself before dower is admeasured. Of course, this interest is defeasible because she has a right, under certain circumstances, to elect to take under the provisions of the husband's will, (where there is one) or under the statute, she has a right to take the homestead for life; in either of which events she waives her dower estate in the property."

■■■ In the recent case of Crouse v. Crouse, 219 Iowa 736, 740, 259 N. W. 443, 445, in following the rule established by the case of Van Veen v. Van Veen, supra, we stated:

"We have definitely decided that immediately upon the death intestate of the owner of real estate, his surviving spouse and children take as tenants in common and the surviving spouse becomes vested with an undivided one-third interest and the surviving children become vested with the remaining undivided two-thirds interest, and that the widow's undivided one-third interest may be divested by her subsequent election to take under a will, or to take a homestead for life in lieu of her distributive share. Van Veen v. Van Veen, 213 Iowa 323, 236 N. W. 1, 238 N. W. 718."

Immediately upon the death of her husband, Mrs. Anderson became the absolute owner of an undivided one-third interest in her husband's real estate. She did not elect to take under his will and the sole question is whether she divested herself of this

absolute ownership by electing to take a life estate in the homestead.

■■■ The right to the distributive share is a primary right of the survivor. Van Veen v. Van Veen, supra. In the case of Robson v. Lambertson, 115 Iowa 366, on page 370, 88 N. W. 943, 944, the court states:

"Her primary right was to a distributive share, and, unless she did something which defeats her of that right, it ought to be sustained."

Evidence of an intention to take under a will in lieu of a distributive share should be clear and satisfactory. Berry v. Donald, 168 Iowa 744, 150 N. W. 1048; In re Estate of Culbertson, 204 Iowa 473, 215 N. W. 761; In re Estate of Heuberger, 191 Iowa 59, 181 N. W. 773. The distributive share being the primary and more worthy right, the evidence that the survivor elected to take the homestead right in lieu thereof should be clear and satisfactory.

■■■ Code section 10146 reads as follows:

"10146. Life possession in lieu of dower. The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased."

The only evidence relied on by appellee to sustain the judgment of the trial court is that Mrs. Anderson occupied the homestead for eighteen months after the death of her husband and had knowledge of the contents of the will. The mere fact of occupancy, of itself, does not raise a presumption of an election. The occupancy must be inconsistent with any other right and must be maintained because of such right to occupy the homestead for life in order to raise a presumption of an election. Cornbelt Trust & Savings Bank v. May, 197 Iowa 54, 196 N. W. 735; Percifield v. Aumick, 116 Iowa 383, 89 N. W. 1101; Jackson v. Grant, 224 Iowa 579, 278 N. W. 190.

An undivided one-third interest in the real estate of her husband vested in Mrs. Anderson at the moment of his death, and she became a tenant in common with her stepchildren. Her occupancy was consistent with and referable to her right to occupy the homestead as a tenant in common. We find no evidence of any affirmative act, conduct, or declarations on the part of Mrs. Anderson tending to show that she divested herself of

her vested estate by electing to take a life estate in the homestead in lieu of her primary right to the distributive share. The evidentiary requirements necessary to show an election are not present in this case.

Mrs. Anderson, having neither elected to accept the provisions of the will nor to take a life estate in the homestead, died seized of an undivided one-third interest in the real estate of her husband's estate. Reversed and remanded for decree in harmony with this opinion.—Reversed and remanded.

SAGER, HAMILTON, DONEGAN, ANDERSON, RICHARDS, KINTZINGER, and MILLER, JJ., concur.