RICHARD OSBORN *et al. Tr. vs.* WORCESTER COUNTY TRUST Co. *et al.*

JULY 14, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This equity cause is before this court on the complainants' appeal from a decree entered by the superior court sustaining the respondents' demurrer to the bill of complaint and ordering the bill dismissed.

The following material allegations are set out in the bill of complaint, which is brought against Worcester County Trust Company and Robert W. Chappell by Richard Osborn and Joseph F. Sherer as trustees under the will of Marion O. Sherer, deceased, formerly of the town of Little Compton in this state. The said testatrix died March 5, 1937 leaving surviving her husband, the said Joseph F. Sherer, and several children. Her will, dated February 27, 1934, was duly admitted to probate in the town of Little Compton on May 10, 1937, and letters of administration *c. t. a.* were issued to her husband who qualified as administrator.

This will contained a provision as follows: First: To my brother Richard Osborn, of the City of Fall River, Massachusetts; and to my husband, the said Joseph F. Sherer, I

give, devise and bequeath all the property of which I may die seized and possessed or to which I may in any way be entitled at the time of my decease; but as trustees nevertheless to hold said property and pay the net income thereof quarterly or half-yearly to said Joseph F. Sherer, in their discretion; for and during the term of said Joseph F. Sherer's natural life; . . . . Said property so held in the discretion of the said trustees to be held for the benefit of my said husband, Joseph F. Sherer, and not to be alienable by anticipation or liable for any debts of said Joseph F. Sherer." At the time of her death the testatrix was seized and possessed in fee simple of several tracts of land with buildings and improvements thereon in the town of Little Compton.

On January 3, 1938, the respondent, Worcester County Trust Company, instituted suit against the complainant Joseph F. Sherer in the superior court for Newport county in this state by issuing a writ of attachment out of that court returnable thereto February 1, 1938. An attested copy of said writ was duly filed in the office of the town clerk of Little Compton on January 11, 1938, for the purpose of attaching "all the right, title and interest of the within named Joseph F. Sherer" in and to the real estate with all the buildings and improvements thereon above referred to, formerly belonging to Marion O. Sherer, situated in the town of Little Compton. On February 1, 1938, the writ and declaration in said suit were duly filed in the office of the clerk of the superior court for said Newport county.

Thereafter, on March 21, 1938, on motion of Worcester County Trust Company, the plaintiff in said suit, a summary judgment was entered therein against said Joseph F. Sherer for the sum of $142,438.37 and costs, and on said judgment an execution was duly issued July 14, 1938. This execution, on July 22, 1938, was levied by the respondent Robert W. Chappell, a deputy sheriff for said Newport county, on the right, title and interest of said Joseph F.

Sherer in the property hereinbefore mentioned, so as to enable said respondent Chappell to thereafter sell said right, title and interest of Joseph F. Sherer for the purpose of satisfying said judgment.

The complainants then further allege in their bill of complaint that said Joseph F. Sherer individually has in the real estate in question no right, title or interest which can properly be sold to satisfy said judgment; that the legal title to said real estate is in the complainants as trustees; and that Joseph F. Sherer, under his wife's will, merely receives income from the testatrix's trust estate, of which said real estate is a part. The complainants also allege in their bill that the levy made on said real estate of the execution hereinbefore referred to and the proposed sale of the property thereunder constitute a cloud on the title to said real estate which they hold as trustees as aforesaid. They therefore pray that the respondents may be permanently enjoined from proceeding further with the sale of said real estate under the execution and judgment in question; that said attachment be declared by the court to be null and void; and that the respondents be ordered to discharge the same on the record. There is likewise in the bill a prayer for general and further relief.

The respondents demurred to the bill of complaint on several grounds which were in substance: That the bill failed to state any ground for equitable relief; that it appeared from the allegations of the bill that Joseph F. Sherer had a life estate in the real estate in question, on which interest the respondent Worcester County Trust Company had levied its execution; that the trust provision set out in the will did not constitute a valid spendthrift trust under the laws of this state; and that, according to the allegations of the bill, Joseph F. Sherer had an equitable interest in the property held by the trustees, which interest was alienable

and subject to the levy of execution by the aforesaid respondent.

In support of their contention that it was error to sustain the respondents' demurrer and to dismiss the bill of complaint, the complainants first argue that Joseph F. Sherer had no legal estate or interest in the real estate involved, and hence no legal interest upon which the execution held by the Worcester County Trust Company could lawfully be levied. The complainants also contend that no legal life estate as tenant by the curtesy vested in Joseph F. Sherer on the death of his wife, but that he then had merely the right of election to take the legal life estate or the benefits given him under her will.

They rely on *Robertson* v. *Schard,* 142 Iowa 500, where the court uses the following language at page 503: "But, assuming that the will does not expressly declare the provision to be in lieu of the husband's legal share, yet even, as stated by appellant's counsel, it is of such nature as necessarily excludes the idea that the husband may claim the benefit of both the will and the statute. The record does disclose that he made no claim of dower, and that he gave written consent to the approval of the report of the trustees showing that they had taken and were holding under the terms of the trust all the property so devised by the will. It is not correct to say that upon the death of the wife title to a one-third interest in her estate vests, *eo instante,* in the surviving husband. . . . The right which he becomes vested with is the right of choice between what the law offers him and the increased or other benefits offered him by the will. The choice is to be made by him, and not by his creditors."

The complainants maintain that Joseph F. Sherer, by qualifying and acting as administrator and trustee under his wife's will and by offering the same for probate, elected to take only under the will as *cestui* of the trust therein created,

and waived or surrendered any life estate as tenant by the curtesy which he otherwise may have had in the real estate of which his wife died seized and possessed.

The general doctrine of election as applied to the taking of property or interests under or against a will is well recognized. See 69 C. J., 1089, 1106, 1119. That doctrine is discussed and followed in the case of *Tripp* v. *Nobles,* 136 N. C. 99, cited to us by the complainants in support of their position that in the instant cause Joseph F. Sherer had made an election to take only under his wife's will. Such doctrine is apparently equitable in its nature, is founded on the intent of the testator and on the theory that there is an obligation imposed on a person to choose between two inconsistent or alternative rights or claims when an intent appears that he shall not enjoy both.

From a consideration of the provisions of the will involved in the instant cause it does not appear, in our opinion, that the testatrix, either by any express statement contained in said instrument or otherwise, had any intention to put her husband Joseph F. Sherer to an election to choose between his legal estate by the curtesy and the interests given him under her will. In some jurisdictions there are statutes, general in their nature, which require that one having interests of any kind both under and against a will shall elect in a certain time and manner which interest he intends to accept.

However, we have no statute of such broad application. On the contrary, G. L. 1923, chap. 298, sec. 12 provides specifically as follows: "The will of a married woman shall not impair the rights of her husband upon her death as tenant by the curtesy." Thus by force of said statute the will of Marion O. Sherer, whatever its provisions, can not impair, that is to say, diminish, upon her death, the rights of her husband, Joseph F. Sherer, as tenant by the curtesy

in her real estate. See *Barlow* v. *Barlow,* 49 R. I. 117. There-fore, upon the decease of Marion O. Sherer, her husband became entitled to the possession, use and enjoyment, for and during the term of his life as tenant by the curtesy consummate, children having been born alive, of all the real estate of which she died seized and possessed. Such an estate in Joseph F. Sherer would be a vested legal life estate. See *Hackensack Trust Co.* v. *Tracy,* 86 N. J. Eq. 301.

We are of the opinion that by reason of the nature of the common-law estate of tenancy by the curtesy consummate in this state, as affected by the statute above set out, Joseph F. Sherer, on the death of his wife, had a legal life estate as tenant by the curtesy consummate, and did not have a mere "right of choice", as held in *Robertson* v. *Schard, supra,* and that such case is not an authority for the decision of the instant cause. Apparently no such statute as sec. 12, *supra,* was before the court in the *Iowa* case.

The above conclusion is given support in authorities cited to us by the respondents. These cases take the view that, under the circumstances disclosed by the bill of complaint herein, a legal life estate in the wife's realty passes to the husband on her death, and that some definite affirmative act on his part is necessary in order to divest that estate. In *Middleton* v. *Steward,* 47 N. J. Eq. 293, in which state there was a statute similar to sec. 12, *supra,* the court held that the husband must execute a conveyance to bring about such a result. At page 298 the court said: "The estate of the husband must therefore be regarded as unimpaired, until he executes a conveyance which at common law will be effective to pass his title."

In *Hanneman* v. *Richter,* 177 Fed. 563, it was held that a husband, who had a legal estate as tenant by the curtesy consummate in his wife's realty and was also named as trustee therein under her will, must do some affirmative act to show that he was holding the property in his fiduciary

capacity only and in conflict with his own life use in order to be estopped from claiming his life estate. The court also found that his mere qualification as executor and trustee under such will was not such an affirmative act. To the same general effect are *Estate of Gray,* 159 Cal. 159; *Lahr v. Ulmer,* 27 Ind. (App. Ct. Rep.) 107.

From the facts alleged in the bill of complaint in the instant case we find that, under the provisions of his wife's will, no obligation to make any election devolved upon Joseph F. Sherer and that no election was made by him by definite affirmative act or otherwise. We are also of the opinion that the doctrine of election as commonly understood and employed, whatever its scope, has no application in the present circumstances. No such conflict of interest is present as ordinarily appears in cases in which the doctrine of election has been applied. Under the will of Marion O. Sherer the complainants received title as trustees to the realty of which she died seized and possessed, subject to the legal life estate of Joseph F. Sherer as tenant by the curtesy consummate. There are no allegations in the bill of complaint indicating that he had divested himself of such legal life estate prior to the attachment of all his right, title and interest in the property in question.

We conclude, therefore, from the allegations of said bill, that at the time the execution held by the respondent Worcester County Trust Company was levied on all the right, title and interest of Joseph F. Sherer in and to the realty of which his wife died seized and possessed, the said Joseph F. Sherer had a legal life estate as tenant by the curtesy consummate in such realty. It follows that it was not error to sustain the respondents' demurrer to the bill of complaint, since at all times after his wife's death the said complainant Joseph F. Sherer had the legal life estate, above described, and such life estate had been properly attached and levied on by the respondent Worcester County Trust Company

172

and might be sold to satisfy its judgment against said Joseph F. Sherer.

Two other questions were briefed and argued herein. As to the first of these, it is agreed by the parties that the trust provision in the will of Marion O. Sherer does not set up a valid spendthrift trust under the laws of this state. See *Smyth for an Opinion,* 49 R. I. 27. As to the second, in our opinion, it becomes unnecessary to pass upon the issues of whether or not the complainant Joseph F. Sherer had an equitable interest under the trust provision of his wife's will in the real estate of which she died seized and possessed, and whether such interest, if any, would be subject to attachment and levy on execution in the law action brought against him by the respondent Worcester County Trust Company. This situation results from our holding that, on the allegations of the present bill of complaint, it appears that Joseph F. Sherer had, after his wife's death, a legal life estate as tenant by the curtesy consummate in such real estate.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sheffield & Harvey, J. Russell Haire,* for complainants.

*David B. Lovell, Jr., Hart, Gainer & Carr,* for respondents.